**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Felicia Hankins, Personal Representative of the Estate of Jordan Hankins, | |
| Plaintiff, | |
| v. | Case No. 19-cv-147 |
| Alpha Kappa Alpha Sorority, Inc.; Alpha Kappa Alpha Sorority, Inc., Gamma Chi Chapter; Alpha Kappa Alpha Sorority, Inc., Delta Chi Omega Chapter; Kathy A. Walker Steele; Alexandria Anderson; Jalon Brown; Alexandria Clemons; Cariana Chambers; Raven Smith; Bianca Valdez; Ava Thompson Greenwell; and Ashanti Madlock-Henderson, | Judge Edmond E. Chang |
| Defendants. | |

<u>**JALON BROWN'S ANSWER TO AMENDED COMPLAINT**</u>

NOW COMES the Defendant, Jalon Brown ("Defendant Brown"), by and through her attorneys, Dykema Gossett PLLC, and in answer to Plaintiff's Amended Complaint states as follows:

**INTRODUCTION**

1.      This case arises from the wrongful death of Jordan Hankins ("Hankins"), a student at Northwestern University and pledge to Alpha Kappa Alpha Sorority, Inc. ("AKA Sorority"). During the pledging process, Hankins was subjected to various forms of hazing that caused her severe anxiety and depression. As a result of the severe anxiety and depression from hazing, Hankins hung herself in her dorm room on January 9, 2017. Plaintiff brings this action to recover for damages suffered by Hankins and due to Hankins' death.

<u>**ANSWER:**</u>      **Defendant Brown admits this case brings claims arising from the alleged wrongful death of Jordan Hankins. Defendant Brown admits Hankins was a**

**student at Northwestern University and a pledge to Alpha Kappa Alpha Sorority, Inc. Defendant Brown admits that, in this action, Plaintiff seeks damages. Defendant Brown denies she is liable to Plaintiff for the alleged wrongful death or for any other claim in this action. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.**

## PARTIES AND JURISDICTION

2.      Plaintiff Felicia Hankins is a resident and citizen of Indiana and the mother of decedent Jordan Hankins. Plaintiff was appointed personal representative of the Estate of Jordan Hankins on February 24, 2017, by the Probate Court of Marion County, Indiana, and is authorized to take possession of and collect the estate of Jordan Hankins and to do all acts required of a personal representative by law without court supervision.

**ANSWER:      Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.**

3.      Alpha Kappa Alpha Sorority, Inc., is a not-for-profit corporation with its principal place of business and citizenship in Chicago, Cook County, Illinois.

**ANSWER:      Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.**

4.      Alpha Kappa Alpha Sorority, Inc., Gamma Chi Chapter ("Gamma Chi") is an undergraduate chapter of Alpha Kappa Alpha Sorority, Inc., chartered and recognized at Northwestern University in Evanston, Cook County, Illinois.

**ANSWER:      Admitted.**

5.      Gamma Chi operates under the Constitution, by-laws, mandates and direction of Alpha Kappa Alpha Sorority, Inc.

2

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.**

6. Gamma Chi is a member of the Central Region of Alpha Kappa Alpha Sorority, Incorporated.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.**

7. Alpha Kappa Alpha Sorority, Inc., Delta Chi Omega ("Delta Chi Omega") is a graduate chapter of AKA Sorority in Evanston, Cook County, Illinois.

**ANSWER:** **Admitted.**

8. Delta Chi Omega operates under the Constitution, by-laws, mandates and direction of AKA Sorority.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.**

9. Delta Chi Omega is a member of the Central Region of AKA Sorority.

**ANSWER:** **Admitted.**

10. The Central Region of AKA Sorority encompasses 92 graduate and undergraduate chapters located in the states of Illinois, Wisconsin, Indiana, Kentucky, Minnesota, North Dakota, South Dakota, and the cities of St. Louis and Cape Girardeau, Missouri.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.**

11. Kathy A. Walker Steele served as the Central Regional Director for AKA Sorority from 2014-2018.

3

**ANSWER:** **Defendant Brown admits that Kathy A. Walker Steele served as the Central Regional Director for AKA Sorority. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 relating to the time period during which Kathy A. Walker Steele served in that position.**

12. Kathy A. Walker Steele is a resident and citizen of Illinois.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.**

13. Alexandria Anderson was a student at Northwestern University and a member of Gamma Chi.

**ANSWER:** **Admitted.**

14. Upon information and belief, Alexandria Anderson is a resident and citizen of Georgia.

**ANSWER:** **Defendant Brown denies that Alexandria Anderson currently resides in Georgia. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14.**

15. Upon information and belief, Alexandria Anderson is a resident and citizen of Illinois.

**ANSWER:** **Defendant Brown admits that Alexandria Anderson currently resides in Illinois. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15.**

16. Jalon Brown was a student at Northwestern University and a member of Gamma Chi.

4

**ANSWER:** **Admitted.**

17. Upon information and belief, Jalon Brown is a resident and citizen of Missouri.

**ANSWER:** **Denied.**

18. Alexandria Clemons was a student at Northwestern University and a member of Gamma Chi.

**ANSWER:** **Admitted.**

19. Upon information and belief, Alexandria Clemons is a resident and citizen of Illinois.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.**

20. Upon information and belief, Alexandria Clemons is a resident and citizen of California.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.**

21. Cariana Chambers was a student at Northwestern University and a member of Gamma Chi.

**ANSWER:** **Admitted.**

22. Upon information and belief, Cariana Chambers is a resident and citizen of the Virginia.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.**

23. Raven Smith was a student at Northwestern University and initiated into Gamma Chi.

**ANSWER:** **Defendant Brown admits Raven Smith was a student at Northwestern University. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23.**

24.     Raven Smith became a member of Chi Omega Omega, a graduate chapter of AKA Sorority in Chicago, Illinois, after graduating from Northwestern University.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.**

25.     Raven Smith is a resident and citizen of Illinois.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.**

26.     Bianca Valdez was a student at Northwestern University and initiated into Gamma Chi.

**ANSWER:** **Defendant Brown admits Bianca Valdez was a student at Northwestern University. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26.**

27.     Bianca Valdez became a general member of AKA Sorority after graduating from Northwestern University. A general member of AKA Sorority is a member who is financially active with the sorority but not affiliated with or active with a specific chapter.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.**

28.     Bianca Valdez is a resident and citizen of Illinois.

**ANSWER:**    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28.

29.    Ava Thompson Greenwell served as the graduate advisor to Gamma Chi in 2015, 2016, and 2017 and was a member of Delta Chi Omega.

**ANSWER:**    **Defendant Brown admits Ava Thompson Greenwell served as the graduate advisor to Gamma Chi during part or all of 2016. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29.**

30.    Ava Thompson Greenwell is a resident and citizen of Illinois.

**ANSWER:**    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.    Ashanti Madlock-Henderson served as the assistant graduate advisor to Gamma Chi in 2016 and 2017 and was a member of Delta Chi Omega.

**ANSWER:**    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.    Ashanti Madlock- Henderson is a resident and citizen of Illinois.

**ANSWER:**    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.    Felicia Hankins brings her Complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy far exceeds $75,000.

**ANSWER:**    **Defendant Brown admits Plaintiff brings this Complaint under federal diversity jurisdiction, 28 U.S.C. § 1332. Defendant Brown lacks knowledge**

**or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33.**

34.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b). Defendants AKA Sorority, Delta Chi Omega, Gamma Chi, Kathy A. Walker Steele, Alexandria Anderson, Alexandria Clemons, Raven Smith, Bianca Valdez, Ava Thompson Greenwell, and Ashanti Madlock-Henderson reside and maintain citizenship in the state of Illinois. A corporation is deemed to reside in any judicial district where its contact would be sufficient to subject it to personal jurisdiction at the time the action is commenced. Defendants AKA Sorority, Delta Chi Omega, Gamma Chi, Alexandria Anderson, Alexandria Clemons, Raven Smith, Bianca Valdez, Ava Thompson Greenwell, and Ashanti Madlock-Henderson had a presence in Cook County, Illinois, at all times relevant including the day this action is commenced, within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division. A substantial part—if not all—of the events and omissions giving rise to this claim occurred in this judicial district.

**ANSWER:**  **Defendant Brown admits that a substantial part—if not all—of the events and omissions alleged in the Complaint occurred in this judicial district. Defendant Brown states that the allegation as to where a corporation is deemed to reside is a legal conclusion to which no answer is required. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34.**

## FACTUAL BACKGROUND

### *History of Hazing within Alpha Kappa Alpha Sorority, Incorporated*

35.     AKA Sorority is a sorority with nearly 300,000 members worldwide (75,000 financially active), and 1,018 chapters in 47 U.S. States and 1 U.S. Territory.

8

**ANSWER:** Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36.     Members of the sorority can be initiated in an undergraduate or graduate chapter. Membership in AKA Sorority is by invitation only.

**ANSWER:** Admitted.

37.     If you are matriculating as a full-time student attending an accredited four-year college or university, membership into AKA Sorority is obtained through an undergraduate chapter.

**ANSWER:** Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38.     All undergraduate chapters of AKA Sorority are supervised by a graduate chapter.

**ANSWER:** Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39.     Alpha Kappa Alpha has prohibited hazing since the organization was founded in 1908. In 1999, Alpha Kappa Alpha Sorority reaffirmed its total opposition to hazing with a tougher anti-hazing policy.

**ANSWER:** Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40.     AKA Sorority defines hazing as acts that include but are not limited to: (1) Physical acts, such as hitting, striking, laying hands upon or threatening to do bodily harm to any individual(s); (2) behavior which is directed against any individual(s) for the purpose of causing shame, abuse, insult, humiliation, intimidation or disgrace; and (3) a variety of prohibited

practices including, but not limited to, "underground hazing," "financial hazing," "pre-pledging," "post-pledging" or "post-initiation pledging."

> **ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.**

41. Despite this tougher anti-hazing policy being instituted by AKA Sorority, hazing continues to be a well-known occurrence in the sorority, and women continued to sustain injuries and even death as a result of hazing rituals.

> **ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.**

42. In 2002, three years after AKA Sorority instituted its tougher anti-hazing policies, AKA Sorority was named as a defendant in a lawsuit in California where it was alleged that two women drowned after being lead into the ocean blind folded wearing sweatpants and tennis shoes as part of a hazing ritual in order to gain membership in AKA Sorority.

> **ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.**

43. Following the deaths of the women, their families alleged their deaths were the result of a hazing ritual associated with AKA Sorority. Shortly after that in 2002, Alpha Kappa Alpha placed a moratorium on inducting undergraduate women for approximately a year.

> **ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.**

44. AKA Sorority's hazing culture has continued over the past decade.

> **ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.**

45.     In 2013, Lauren Cofield and Laurin Comptin filed a lawsuit in Washington D.C. against AKA Sorority alleging hazing by sorority members.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.**

46.     In February 2018, a dozen AKA Sorority pledges at the University of Pittsburgh notified the police of hazing allegations.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.**

47.     The allegations included that the women were paddled, punched, kicked, slapped, and forced to eat rotten food.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.**

48.     AKA Sorority is currently suspended at the University of Pittsburg until spring 2028.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.**

49.     In April 2018, the Alpha Beta Chapter of Alpha Kappa Alpha Sorority, Incorporated, located at Fort Valley State University in Georgia, was accused of running a sex ring to pay for the initiation of new members. The graduate adviser was accused of having a role in the sex ring.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.**

50.     It was alleged that women seeking membership in Alpha Beta were a part of a prostitution ring at the direction of members of AKA Sorority, including the faculty advisor of Alpha Beta, to raise money for pledge fees.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.**

51.     AKA Sorority's national office opened an investigation to look into "unauthorized activities and misconduct involving current and former members" related to the sex ring at Alpha Beta Chapter.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.**

*History of Hazing within Gamma Chi*

52.     Gamma Chi has a history of hazing woman before they are initiated into the sorority (pre-pledging) or after women are initiated into the sorority (post-pledging/post-initiation pledging).

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.**

53.     In January 2016, Defendant Cariana Chambers and Kayla Famurewa, both members of Gamma Chi at the time, were suspended from AKA Sorority for violating the sorority's hazing policy.

**ANSWER:     Defendant Brown admits Cariana Chambers and Kayla Famurewa were suspended from AKA Sorority in or about January 2016. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 53.**

12

54.     The hazing involved pre-pledging women who were not members of the sorority, but were seeking membership.

**ANSWER:     Defendant Brown admits that the events of January 2016 that led to the suspension of certain women from AKA sorority involved, in part, women who were not members of the sorority. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 54.**

55.     The hazing included physical and mental abuse of the women seeking membership. Examples of such hazing included, but was not limited to, abusive physical contact, verbal abuse, and financial exploitation.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55.**

56.     The women who were found in violation of the AKA Sorority hazing policy who were not members of the sorority were punished by not being considered for membership in the sorority in the fall of 2015 and spring of 2016.

**ANSWER:     Admitted.**

*Hazing of Jordan Hankins*

57.     In October 2016, Jordan Hankins attended a "rush" event hosted by Gamma Chi, under the direction of Delta Chi Omega.

**ANSWER:     Defendant Brown admits she attended a "rush" event in October of 2016 hosted by Gamma Chi but lacks knowledge or information sufficient to form a belief about the truth of the remaining  allegations in paragraph 57.**

58.     The "rush" event was authorized by the Central Regional Director of Alpha Kappa Alpha Sorority, Inc. and the international office of Alpha Kappa Alpha Sorority, Incorporated.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.**

59.     On October 10, 2016, Defendant Ava Thompson Greenwell sent Jordan Hankins an e-mail advising she was "cleared to move to the next stage of the Alpha Kappa Alpha Sorority, Inc. membership process."

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.**

60.     Between October 10, 2016, and November 20, 2016, Jordan Hankins, and ten additional women, known as line sisters, completed the Membership Intake Process.

**ANSWER:     Upon information and belief, admitted.**

61.     Some of Jordan Hankins' line sisters were women who had been prevented from joining the sorority before November 2016 because of violations of the sorority's hazing policy.

**ANSWER:     Defendant Brown admits that some of Jordan Hankins' line sisters had been prevented from joining the sorority before November of 2016 because of alleged violations of the sorority's hazing policy in their recruitment but deny the remaining allegations of paragraph 61.**

62.     Some of the line sisters had been subject to hazing from other members of Gamma Chi in the past, including Defendants Cariana Chambers, Raven Smith, and Bianca Valdez.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62.**

63. On November 20, 2016, Jordan Hankins and her line sisters performed a campus introduction show, sometimes referred to as a probate show, at McCormick Tribune Center Forum on Northwestern's campus.

**ANSWER:** **Admitted.**

64. Following the probate show, Jordan Hankins was advised by members of AKA Sorority that as a condition of membership to be accepted she must agree to a post-initiation pledge process.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.**

65. Jordan Hankins began to post-pledge with some of her line sisters she participated in Membership Intake Process with shortly after the probate show on November 20, 2016.

**ANSWER:** **Defendant Brown states that the term "post-pledge" has not been defined and, as such, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65.**

66. As part of the pledging process, Hankins was subjected to several instances of severe hazing.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66.**

67. While post-initiation pledging, Jordan Hankins was subjected to physical abuse including paddling, verbal abuse, mental abuse, financial exploitation, sleep deprivation, items

being thrown and dumped on her, and other forms of hazing intended to humiliate and demean her.

**ANSWER:** **Defendant Brown admits only that, upon information and belief, Jordan Hankins was among those directed by others to participate in activities that would violate the stated sorority anti-hazing policy but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67.**

68. These incidents negatively affected Jordan Hankins' physical, mental, and emotional health.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68.**

69. Jordan Hankins communicated to members of AKA Sorority, including individually named defendants, that the hazing was triggering her PTSD, causing severe anxiety and depression and that she was having suicidal thoughts.

**ANSWER:** **Defendant Brown admits only that on one occasion after an activity Jordan Hankins and others, including Defendant Brown, had been directed to participate in Jordan Hankins stated to another, in Defendant Brown presence that it triggered her PTSD. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 69.**

70. Eventually the hazing got the best of Jordan Hankins and on January 9, 2017, Jordan Hankins was found hanging in her dorm room. First responders were called, and she was pronounced dead when first responders arrived.

**ANSWER:** **Defendant Brown admits that Jordan Hankins was pronounced dead on January 9, 2017. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 70.**

### COUNT I
### Negligent Supervision as to Defendant Alpha Kappa
### Alpha Sorority, Incorporated
### (Wrongful Death Claim)

*Count I is not directed against Defendant Brown. Defendant Brown answers the allegations of Count I only because they are incorporated in later counts asserted against Defendant Brown.*

71.     Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:** **Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

72.     Defendant AKA Sorority owed Hankins a duty to use ordinary care in supervising the initiation rituals of its chapters, including Gamma Chi, to reduce the risks of physical and mental injury including such mental injury that would lead to suicide associated with hazing.

**ANSWER:** **Defendant Brown states that paragraph 72 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.**

73.     AKA Sorority is responsible for instituting and enforcing policies that provide adequate supervision of new and potential members from acts of hazing.

**ANSWER:** **Defendant Brown admits that AKA Sorority has instituted certain policies for the apparent purpose of protecting new and potential members from hazing. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 73.**

17

74.     AKA Sorority is solely responsible for all membership selection and permitting chapters to participate in the Membership Intake Process. This is why membership is by invitation only.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74.**

75.     No AKA Sorority chapter has sole authority to initiate members into the sorority.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.**

76.     AKA Sorority has the sole authority to determine whether an individual can obtain membership in the sorority.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.**

77.     AKA sorority grants authority to chapters to act as agents of the national organization to conduct sorority business and Membership Intake Process.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.**

78.     With authority from AKA Sorority, the Regional Director then informs all chapters in her region when the chapter has permission from AKA Sorority to conduct a Membership Intake Process.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.**

79. For undergraduate chapters, in addition to serving as an agent for AKA Sorority, a graduate chapter must also serve as an agent of AKA Sorority to supervise the undergraduate chapter.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.**

80. Only with authority from AKA Sorority and a graduate chapter acting as an agent and supervisor for AKA Sorority can an undergraduate chapter conduct a Membership Selection Process or other sorority business.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.**

81. AKA Sorority oversees and supervises all undergraduate membership intake while the Regional Director and Graduate Chapters serve as agents and acts on behalf of AKA Sorority as supervisors and at the direction of AKA Sorority to institute the sorority's policies and procedures.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.**

82. Defendant AKA Sorority, by and through its agents, employees, and proxies, were negligent in allowing Hankins to be hazed. Illustrations of said negligence or omissions, cited by way of example but not limitation, are as follows:

(a) Permitting and allowing harmful initiation rituals which included physical abuse, mental abuse, financial exploitation, sleep deprivation, kidnapping, and other forms of hazing by local Alpha Kappa Alpha chapters, including Gamma Chi and Delta Chi Omega;

(b) Failing to warn local Alpha Kappa Alpha chapters, including Gamma Chi and Delta Chi Omega, about the dangers and harmful effects of initiation rituals and hazing causing physical injury, mental anguish, humiliation and embarrassment,

although it knew or should have known such rituals and acts can cause severe depression and/or be fatal;

(c)    Failing to adopt reasonable and effective policies to be followed by its local chapters, including Gamma Chi and Delta Chi Omega, to prevent harmful initiation rituals and hazing;

(d)    Failing to take reasonable steps to insure its local chapters, including Gamma Chi and Delta Chi Omega, followed policies and procedures it claims to have adopted regarding initiation rituals and hazing;

(e)    Failing to take reasonable steps to learn whether its local chapters, including Gamma Chi and Delta Chi Omega, were following policies and procedures regarding required initiation rituals or hazing activities it claimed to have adopted;

(f)    Failing to train members of Gamma Chi and Delta Chi Omega on the anti-hazing policy; and

(g)    Failing to train and supervise chapter advisors.

Defendant was negligent in other respects.

**ANSWER:**    **Defendant Brown denies the allegations of paragraph 82 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 82.**

83.    It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendant AKA Sorority and its agents were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:**    **Defendant Brown denies the allegations of paragraph 83 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 83.**

20

84.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected to hazing, including physical and mental harm, which caused her to suffer severe anxiety and depression and commit suicide.

**ANSWER:     Defendant Brown denies that she engaged in any of the foregoing alleged negligent acts or omissions and denies the allegations of paragraph 84 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 84.**

85.     Plaintiff brings this count pursuant to the Illinois Wrongful Death Act as the Personal Representative on behalf of beneficiaries of the Estate of Jordan Hankins, which suffered presumed substantial pecuniary damages including loss of her society and support, grief, and lost wages and salary.

**ANSWER:     Defendant Brown admits that Plaintiff brings this count under the Illinois Wrongful Death Act. Defendant Brown denies any liability to Plaintiff under the Wrongful Death Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 85.**

## COUNT II
### Negligent Supervision as to Defendant AKA Sorority
### (Survival Claim)

***Count II is not directed against Defendant Brown. Defendant Brown answers the allegations of Count II only because they are incorporated in later counts asserted against Defendant Brown.***

86.     Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:     Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

21

87.     Defendant AKA Sorority owed Hankins a duty to use ordinary care in supervising the initiation rituals of its chapters, including Gamma Chi, to reduce the risks of physical and mental injury, including such mental injury that would lead to suicide associated with hazing.

**ANSWER:     Defendant Brown states that paragraph 87 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.**

88.     AKA Sorority is responsible for instituting and enforcing policies that provide adequate supervision of new and potential members from acts of hazing.

**ANSWER:     Defendant Brown admits that AKA Sorority has instituted certain policies for the apparent purpose of protecting new and potential members from hazing. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 88.**

89.     AKA Sorority is solely responsible for all membership selection and permitting chapters to participate in the Membership Intake Process.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.**

90.     No AKA Sorority chapter has sole authority to initiate members into the sorority.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.**

91.     AKA sorority has the sole authority to determine whether an individual can obtain membership in the sorority.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91.**

92. With authority from AKA Sorority, the Regional Director then informs all chapters in her region when the chapter has permission from AKA Sorority to conduct a Membership Intake Process.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.**

93. Only with authority from AKA Sorority and a graduate chapter acting as an agent and supervisor for AKA Sorority can an undergraduate chapter conduct a Membership Selection Process or other sorority business.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.**

94. For undergraduate chapters, the graduate chapter supervising the undergraduate chapter, and with authority from AKA Sorority, can then conduct a Membership Selection Process.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.**

95. AKA Sorority oversees and supervises all undergraduate membership intake while the Regional Director and Graduate Chapters serve as agents and acts on behalf of AKA Sorority as supervisors and at the direction of AKA Sorority to institute the sorority's policies and procedures.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.**

23

96.     Defendant AKA Sorority, by and through its agents, employees and proxies, were negligent in allowing Hankins to be hazed. Illustrations of said negligence or omissions, cited by way of example but not limitation, are as follows:

(a)     Permitting and allowing harmful initiation rituals which included physical abuse, mental abuse, financial exploitation, sleep deprivation, kidnapping, and other forms of hazing by local Alpha Kappa Alpha chapters, including Gamma Chi and Delta Chi Omega;

(b)     Failing to warn local Alpha Kappa Alpha chapters, including Gamma Chi and Delta Chi Omega, about the dangers and harmful effects of initiation rituals and hazing causing physical injury, mental anguish, humiliation and embarrassment, although it knew or should have known such rituals and acts can cause severe depression and/or be fatal;

(c)     Failing to adopt reasonable and effective policies to be followed by its local chapters, including Gamma Chi and Delta Chi Omega, to prevent harmful initiation rituals and hazing;

(d)     Failing to take reasonable steps to insure its local chapters, including Gamma Chi and Delta Chi Omega, followed policies and procedures it claims to have adopted regarding initiation rituals and hazing;

(e)     Failing to take reasonable steps to learn whether its local chapters, including Gamma Chi and Delta Chi Omega, were following policies and procedures regarding required initiation rituals or hazing activities it claimed to have adopted;

(f)     Failing to train members of Gamma Chi and Delta Chi Omega on the anti-hazing policy; and

(g)     Failing to train and supervise chapter advisors. Defendant was negligent in other respects.

**ANSWER:     Defendant Brown denies the allegations of paragraph 96 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 96.**

97.     It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendant AKA Sorority and its agents were advised that the hazing was triggering

24

Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 97 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 97.**

98.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected to hazing, including physical and mental harm, which caused her to suffer severe anxiety and depression and commit suicide.

**ANSWER:** **Defendant Brown denies that she engaged in any of the foregoing alleged negligent acts or omissions and denies the allegations of paragraph 98 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 98.**

99.     Plaintiff brings this count pursuant to the Illinois Survival Act as the Personal Representative of the Estate of Jordan Hankins, which suffered damages including being made an object of ridicule, embarrassment, humiliation, pain, and suffering.

**ANSWER:** **Defendant Brown admits that Plaintiff brings this count under the Illinois Survival Act. Defendant Brown denies any liability to Plaintiff under the Survival Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 99.**

**COUNT III**
**Negligent Supervision as to Defendant Delta Chi Omega and**
**Defendant Kathy Walker Steele**
**(Wrongful Death Claim)**

25

*Count III is not directed against Defendant Brown. Defendant Brown answers the allegations of Count III only because they are incorporated in later counts asserted against Defendant Brown.*

100.     Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:     Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

101.     Defendants Delta Chi Omega and Central Regional Director Kathy Walker Steele owed Hankins a duty to use ordinary care in supervising the initiation rituals of Gamma Chi to reduce the risks of physical and mental injury, including such mental injury that would lead to suicide associated with hazing.

**ANSWER:     Defendant Brown states that paragraph 101 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101.**

102.     Delta Chi Omega and Central Regional Director Kathy Walker Steele acted as agents and at the direction of AKA Sorority to implement and enforce AKA Sorority's anti-hazing policy.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102.**

103.     AKA Sorority outlined in detail the internationally mandated Membership Intake Process and anti-hazing policy. Central Regional Director Kathy Walker Steele and Delta Chi Omega were to implement those internationally mandated processes and policies and enforce them when supervising Gamma Chi in the Membership Intake Process and members post-initiation.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.**

104. Defendants Delta Chi Omega and Central Regional Director Kathy Walker Steele, by and through their agents, employees and proxies, were negligent in allowing Hankins to be hazed. Illustrations of said negligence or omissions, cited by way of example but not limitation, are as follows:

    (a)    Permitting and allowing harmful initiation rituals and hazing by Gamma Chi, which required physical abuse, mental abuse, financial exploitation, sleep deprivation, kidnapping;

    (b)    Failing to warn Gamma Chi members and Hankins about the dangers and harmful effects of initiation rituals and hazing causing physical injury, mental anguish, humiliation and embarrassment, although it knew or should have known such rituals and acts can cause severe depression and/or be fatal;

    (c)    Failing to adopt reasonable and effective policies to be followed by Gamma Chi to prevent harmful initiation rituals and hazing;

    (d)    Failing to take reasonable steps to insure Gamma Chi followed policies and procedures it claims to have adopted regarding initiation rituals and hazing;

    (e)    Failing to take reasonable steps to learn whether Gamma Chi was following policies and procedures regarding required initiation rituals or hazing activities it claimed to have adopted;

    (f)    Failing to train and supervise chapter advisors.

Defendants were negligent in other respects.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 104 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 104.**

105. It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants Walker Steele and Delta Chi Omega were advised that the hazing was

triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 105 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 105.**

106.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected to hazing, including physical and mental harm, which caused her to suffer severe anxiety and depression and commit suicide.

**ANSWER:** **Defendant Brown denies that she engaged in any of the foregoing alleged negligent acts or omissions and denies the allegations of paragraph 106 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 106.**

107.    Plaintiff brings this count pursuant to the Illinois Wrongful Death Act as the Personal Representative on behalf of beneficiaries of the Estate of Jordan Hankins, which suffered presumed substantial pecuniary damages including loss of her society and support, grief, and lost wages and salary.

**ANSWER:** **Defendant Brown admits that Plaintiff brings this count under the Illinois Wrongful Death Act. Defendant Brown denies any liability to Plaintiff under the Wrongful Death Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 107.**

**COUNT IV**
**Negligent Supervision as to Defendant Delta Chi Omega and**
**Central Regional Director Kathy Walker Steele**
**(Survival Claim)**

*Count IV is not directed against Defendant Brown. Defendant Brown answers the allegations*
*of Count IV only because they are incorporated in later counts asserted against Defendant*
*Brown.*

108.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:    Defendant Brown re-alleges all answers to the preceding paragraphs**
**as if stated herein.**

109.    Defendants Delta Chi Omega and Central Regional Director Kathy Walker Steele
owed Hankins a duty to use ordinary care in supervising the initiation rituals of Gamma Chi to
reduce the risks of physical and mental injury including such mental injury that would lead to
suicide associated with hazing.

**ANSWER:    Defendant Brown states that paragraph 109 states legal conclusions to**
**which no answer by Defendant Brown is required. To the extent an answer is**
**deemed to be required, Defendant Brown lacks knowledge or information sufficient**
**to form a belief about the truth of the allegations in paragraph 109.**

110.    Delta Chi Omega and Central Regional Director Kathy Walker Steele acted as
agents and at the direction of AKA Sorority to implement and enforce AKA Sorority's anti-
hazing policy.

**ANSWER:    Defendant Brown lacks knowledge or information sufficient to form a**
**belief about the truth of the allegations in paragraph 110.**

111.    AKA Sorority outlined in detail the internationally mandated Membership Intake
Process and anti-hazing policy. Central Regional Director Kathy Walker Steele and Delta Chi
Omega were to implement those internationally mandated processes and policies and enforce

them when supervising Gamma Chi in the Membership Intake Process and members post initiation.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111.**

112. Defendants Delta Chi Omega and Central Regional Director Kathy Walker Steele, by and through their agents, employees and proxies, were negligent in allowing Hankins to be hazed. Illustrations of said negligence or omissions, cited by way of example but not limitation, are as follows:

(a) Permitting and allowing harmful initiation rituals and hazing by Gamma Chi, which required physical abuse, mental abuse, financial exploitation, sleep deprivation, kidnapping;

(b) Failing to warn Gamma Chi members and Hankins about the dangers and harmful effects of initiation rituals and hazing causing physical injury, mental anguish, humiliation and embarrassment, although it knew or should have known such rituals and acts can cause severe depression and/or be fatal;

(c) Failing to adopt reasonable and effective policies to be followed by Gamma Chi to prevent harmful initiation rituals and hazing;

(d) Failing to take reasonable steps to insure Gamma Chi followed policies and procedures it claims to have adopted regarding initiation rituals and hazing;

(e) Failing to take reasonable steps to learn whether Gamma Chi was following policies and procedures regarding required initiation rituals or hazing activities it claimed to have adopted;

(f) Failing to train and supervise chapter advisors. Defendants were negligent in other respects.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 112 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 112.**

30

113.   It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants Walker Steele and Delta Chi Omega were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:**   **Defendant Brown denies the allegations of paragraph 113 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 113.**

114.   As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected to physical and mental harm, which caused her to suffer severe anxiety and depression and commit suicide.

**ANSWER:**   **Defendant Brown denies that she engaged in any of the foregoing alleged negligent acts or omissions and denies the allegations of paragraph 114 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 114.**

115.   Plaintiff brings this count pursuant to the Illinois Survival Act as the Personal Representative of the Estate of Jordan Hankins, which suffered damages including being made an object of ridicule, embarrassment, humiliation, pain, and suffering.

**ANSWER:**   **Defendant Brown admits that Plaintiff brings this count under the Illinois Survival Act. Defendant Brown denies any liability to Plaintiff under the Survival Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 115.**

## COUNT V
### Negligent Entrustment as to Defendant AKA Sorority
### (Wrongful Death Claim)

*Count V is not directed against Defendant Brown. Defendant Brown answers the allegations of Count V only because they are incorporated in later counts asserted against Defendant Brown.*

116.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:    Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

117.    Defendant AKA Sorority owed Hankins a duty to use ordinary care in supervising the initiation rituals of its chapters, including Gamma Chi, to reduce the risks of physical and mental injury including such mental injury that would lead to suicide associated with hazing.

**ANSWER:    Defendant Brown states that paragraph 117 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117.**

118.    AKA Sorority is responsible for instituting and enforcing policies that provide adequate supervision of new and potential members from acts of hazing.

**ANSWER:    Defendant Brown admits that AKA Sorority has instituted certain policies for the apparent purpose of protecting new and potential members from hazing. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 118.**

119.    AKA Sorority is solely responsible for all membership selection and permitting chapters to participate in the Membership Intake Process.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119.**

120.    No AKA Sorority chapter has sole authority to initiate members into the sorority.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120.**

121.    AKA Sorority has the sole authority to determine whether an individual can obtain membership in the sorority.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121.**

122.    AKA sorority grants authority to chapters to act as agents of the national organization to conduct sorority business and Membership Intake Process.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122.**

123.    With authority from AKA Sorority, the Regional Director then informs all chapters in her region when the chapter has permission from AKA Sorority to conduct a Membership Intake Process.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123.**

124.    For undergraduate chapters, in addition to serving as an agent for AKA Sorority, a graduate chapter must also serve as an agent of AKA Sorority to supervise the undergraduate chapter.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124.**

33

125.    Only with authority from AKA Sorority and a graduate chapter acting as an agent for AKA Sorority and supervisor can an undergraduate chapter conduct a Membership Intake Process or other sorority business.

**ANSWER:    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125.**

126.    AKA Sorority oversees and supervises all undergraduate membership intake while the Regional Director and Graduate Chapters serve as agents and acts on behalf of AKA Sorority as supervisors and at the direction of AKA Sorority to institute the sorority's policies and procedures.

**ANSWER:    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126.**

127.    Defendant Brown AKA Sorority, by and through its agents, employees, and proxies, were negligent in entrusting Delta Chi Omega and Gamma Chi to conduct a Membership Intake Process in October through November 2016. Illustrations of said negligence or omissions, cited by way of example but not limitation, are as follows:

    (a)    Permitting and allowing harmful initiation rituals which included physical abuse, mental abuse, financial exploitation, sleep deprivation, kidnapping, and other forms of hazing by local Alpha Kappa Alpha chapters, including Gamma Chi and Delta Chi Omega;

    (b)    Failing to warn local Alpha Kappa Alpha chapters, including Gamma Chi and Delta Chi Omega, about the dangers and harmful effects of initiation rituals and hazing causing physical injury, mental anguish, humiliation and embarrassment, although it knew or should have known such rituals and acts can cause severe depression and/or be fatal;

    (c)    Failing to adopt reasonable and effective policies to be followed by its local chapters, including Gamma Chi and Delta Chi Omega, to prevent harmful initiation rituals and hazing;

(d)     Failing to take reasonable steps to insure its local chapters, including Gamma Chi and Delta Chi Omega, followed policies and procedures it claims to have adopted regarding initiation rituals and hazing;

(e)     Failing to take reasonable steps to learn whether its local chapters, including Gamma Chi and Delta Chi Omega, were following policies and procedures regarding required initiation rituals or hazing activities it claimed to have adopted;

(f)     Failing to train members of Gamma Chi and Delta Chi Omega on the anti-hazing policy; and

(g)     Failing to train and supervise chapter advisors. Defendant was negligent in other respects.

**ANSWER:**

128.     AKA Sorority knew or should have known that members of Gamma Chi were recently suspended for violations of the anti-hazing policy and there was a dangerous propensity of Gamma Chi members to continue to engage in hazing.

**ANSWER:     Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128.**

129.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected to hazing, including physical and mental harm, which caused her to suffer severe anxiety and depression and commit suicide.

**ANSWER:     Defendant Brown denies that she engaged in any of the foregoing alleged negligent acts or omissions and denies the allegations of paragraph 84 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 129.**

130.     Plaintiff brings this count pursuant to the Illinois Wrongful Death Act as the Personal Representative on behalf of beneficiaries of the Estate of Jordan Hankins, which

suffered presumed substantial pecuniary damages including loss of her society and support, grief, and lost wages and salary.

**ANSWER:** **Defendant Brown admits that Plaintiff brings this count under the Illinois Wrongful Death Act. Defendant Brown denies any liability to Plaintiff under the Wrongful Death Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 130.**

**COUNT VI**
**Negligent Entrustment as to Defendant AKA Sorority**
**(Survival Claim)**

*Count VI is not directed against Defendant Brown. Defendant Brown answers the allegations of Count VI only because they are incorporated in later counts asserted against Defendant Brown.*

131.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:** **Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

132.    Defendant AKA Sorority owed Hankins a duty to use ordinary care in supervising the initiation rituals of its chapters, including Gamma Chi, to reduce the risks of physical and mental injury including such mental injury that would lead to suicide associated with hazing.

**ANSWER:** **Defendant Brown states that paragraph 132 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132.**

133.    AKA Sorority is responsible for instituting and enforcing policies that provide adequate supervision of new and potential members from acts of hazing.

**ANSWER:** **Defendant Brown admits that AKA Sorority has instituted certain policies for the apparent purpose of protecting new and potential members from hazing. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 133.**

134.    AKA Sorority is solely responsible for all membership selection and permitting chapters to participate in the Membership Intake Process.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134.**

135.    No AKA Sorority chapter has sole authority to initiate members into the sorority.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135.**

136.    AKA Sorority has the sole authority to determine whether an individual can obtain membership in the sorority.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136.**

137.    AKA sorority grants authority to chapters to act as agents of the national organization to conduct sorority business and Membership Intake Process.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137.**

138.    With authority from AKA Sorority, the Regional Director then informs all chapters in her region when the chapter has permission from AKA Sorority to conduct a Membership Intake Process.

**ANSWER:** Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138.

139.    For undergraduate chapters, in addition to serving as an agent for AKA Sorority, a graduate chapter must also serve as an agent of AKA Sorority to supervise the undergraduate chapter.

**ANSWER:** Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139.

140.    Only with authority from AKA Sorority and a graduate chapter acting as an agent for AKA Sorority as a supervisor can an undergraduate chapter conduct a Membership Intake Process or other sorority business.

**ANSWER:** Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 140.

141.    AKA Sorority oversees and supervises all undergraduate membership intake while the Regional Director and Graduate Chapters serve as agents and acts on behalf of AKA Sorority as supervisors and at the direction of AKA Sorority to institute the sorority's policies and procedures.

**ANSWER:** Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141.

142.    Defendant AKA Sorority, by and through its agents, employees and proxies, were negligent in entrusting Delta Chi Omega and Gamma Chi to conduct a Membership Intake Process in October through November 2016. Illustrations of said negligence or omissions, cited by way of example but not limitation, are as follows:

(a)    Permitting and allowing harmful initiation rituals which included physical abuse, mental abuse, financial exploitation, sleep deprivation, kidnapping, and other

38

forms of hazing by local Alpha Kappa Alpha chapters, including Gamma Chi and Delta Chi Omega;

(b)    Failing to warn local Alpha Kappa Alpha chapters, including Gamma Chi and Delta Chi Omega, about the dangers and harmful effects of initiation rituals and hazing causing physical injury, mental anguish, humiliation and embarrassment, although it knew or should have known such rituals and acts can cause severe depression and/or be fatal;

(c)    Failing to adopt reasonable and effective policies to be followed by its local chapters, including Gamma Chi and Delta Chi Omega, to prevent harmful initiation rituals and hazing;

(d)    Failing to take reasonable steps to insure its local chapters, including Gamma Chi and Delta Chi Omega, followed policies and procedures it claims to have adopted regarding initiation rituals and hazing;

(e)    Failing to take reasonable steps to learn whether its local chapters, including Gamma Chi and Delta Chi Omega, were following policies and procedures regarding required initiation rituals or hazing activities it claimed to have adopted;

(f)    Failing to train members of Gamma Chi and Delta Chi Omega on the anti-hazing policy; and

(g)    Failing to train and supervise chapter advisors.

Defendant was negligent in other respects.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 142 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 142.**

143.    AKA Sorority knew or should have known that members of Gamma Chi were recently suspended for violations of the anti-hazing policy and there was a dangerous propensity of Gamma Chi members to continue to engage in hazing.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 143.**

144.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected to hazing, including physical and mental harm, which caused her to suffer severe anxiety and depression and commit suicide.

**ANSWER:    Defendant Brown denies that she engaged in any of the foregoing alleged negligent acts or omissions and denies the allegations of paragraph 144 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 144.**

145.    Plaintiff brings this count pursuant to the Illinois Survival Act as the Personal Representative of the Estate of Jordan Hankins, which suffered damages including being made an object of ridicule, embarrassment, humiliation, pain, and suffering.

**ANSWER:    Defendant Brown admits that Plaintiff brings this count under the Illinois Survival Act. Defendant Brown denies any liability to Plaintiff under the Survival Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 145.**

### COUNT VII
### Negligence as to Defendants AKA Sorority, Central Regional Director Kathy Walker Steele, Delta Chi Omega and Gamma Chi
### (Wrongful Death Claim)

*Count VII is not directed against Defendant Brown. Defendant Brown answers the allegations of Count VII only because they are incorporated in later counts asserted against Defendant Brown.*

146.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:    Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

40

147.    At all material times, Defendant AKA Sorority was accountable and responsible as a principal for the acts and conduct of its agents, including but not limited to, Defendant Central Regional Director Kathy Walker Steele, Defendant Delta Chi Omega, Defendant Gamma Chi, and its agents and duly appointed or elected officers, members, and pledges, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson.

**ANSWER:    Defendant Brown states that paragraph 147 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147.**

148.    AKA Sorority has the sole discretion to initiate members into the sorority. Membership is by invitation only. No chapter of AKA Sorority can initiate new members without approval from AKA Sorority national headquarters.

**ANSWER:    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148.**

149.    Regional directors and local chapters, including but not limited to, Central Regional Director Kathy Walker Steele, Delta Chi Omega, and Gamma Chi, act as agents to carry out AKA Sorority's mandated programs, initiatives, and Membership Intake Process.

**ANSWER:    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149.**

150.    AKA Sorority maintains full control of creating the sororities membership code of conduct, member discipline such as suspension and expulsion is determined by the national sorority, and local chapters have to get authority for membership activities from AKA Sorority.

41

AKA Sorority holds out each local graduate and undergraduate chapter, including but not limited to, Delta Chi Omega and Gamma Chi, and their duly appointed or elected officers and members, as its agents with authority to act on its behalf.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150.**

151. At all material times, Defendants Delta Chi Omega and Gamma Chi were accountable and responsible as a principal for the acts and conduct of its agents and duly appointed or elected officers, members, and pledges, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson.

**ANSWER:** **Defendant Brown states that paragraph 151 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151.**

152. Shortly after November 20, 2016, Jordan Hankins was required by members of AKA Sorority, Delta Chi Omega, and Gamma Chi, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson, to participate in an initiation ritual and hazing as a condition to being accepted for membership in AKA Sorority.

**ANSWER:** **Defendant Brown denies that she ever required Jordan Hankins to participate in an initiation ritual and/or hazing as a condition to being accepted for membership in AKA Sorority. Defendant Brown lacks knowledge or information**

42

**sufficient to form a belief about the truth of the remaining allegations in paragraph 152.**

153.    Members of AKA Sorority, Delta Chi Omega, and Gamma Chi were acting within their scope as agents, officers, and members of AKA Sorority when requiring Jordan Hankins to participate in an initiation ritual and hazing as a condition of being accepted for membership in AKA Sorority.

**<u>ANSWER:</u>    Defendant Brown denies that she ever required Jordan Hankins to participate in an initiation ritual and/or hazing as a condition to being accepted for membership in AKA Sorority. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 153.**

154.    Defendants AKA Sorority, Central Regional Director Kathy Walker Steele, Delta Chi Omega, Gamma Chi, and its agents and duly appointed or elected officers, members and agents owed Hankins a duty of reasonable care not to subject her during initiation rituals to the foreseeable consequences of hazing, including severe depression and suicide.

**<u>ANSWER:</u>    Defendant Brown states that paragraph 154 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154.**

155.    From June of 2015 to January 2017, Defendants, directly or through their agents, committed one or more of the following negligent acts and omissions:

(a)    Planned, promoted, and/or participated in initiation rituals, which included hazing Hankins;

(b)     Required prospective sorority members or pledges, including Hankins, to participate in initiation rituals that included hazing, as a condition of membership in the sorority;

(c)     Required newly initiated members to participate in post-initiation pledging and hazing as a condition of acceptance and full membership in the sorority; and

(d)     Failed to report hazing activities being conducted by sorority members.

(e)     Defendants were negligent in other respects.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 155 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 155.**

156.     At all relevant times, all Defendants were acting within the scope of their agency relationship.

**ANSWER:** **Defendant Brown denies that she was acting within the scope of an agency relationship with AKA Sorority at all relevant times. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 156.**

157.     It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants AKA Sorority, Walker Steele, Delta Chi Omega, and Gamma Chi were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 157 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or**

44

**information sufficient to form a belief about the truth of the remaining allegations in paragraph 157.**

158.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected/required to undergo initiation rituals and hazing consisting of physical abuse, emotional abuse, sleep deprivation, and financial exploitation, which caused her to suffer severe depression and commit suicide.

**<u>ANSWER:</u>     Defendant Brown denies that she engaged in any of the foregoing alleged negligent acts or omissions and denies the allegations of paragraph 158 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 158.**

159.     Plaintiff brings this count pursuant to the Illinois Wrongful Death Act as the Personal Representative on behalf of beneficiaries of the Estate of Jordan Hankins, which suffered presumed substantial pecuniary damages including loss of her society and support, grief, and lost wages and salary.

**<u>ANSWER:</u>     Defendant Brown admits that Plaintiff brings this count under the Illinois Wrongful Death Act. Defendant Brown denies any liability to Plaintiff under the Wrongful Death Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 159.**

**COUNT VIII**
**Negligence as to Defendants AKA Sorority,**
**Delta Chi Omega and Gamma Chi**
**(Survival Claim)**

45

*Count VIII is not directed against Defendant Brown. Defendant Brown answers the allegations of Count VIII only because they are incorporated in later counts asserted against Defendant Brown.*

160.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:    Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

161.    At all material times, Defendant AKA Sorority was accountable and responsible as a principal for the acts and conduct of its agents, including but not limited to, Defendants Kathy Walker Steele, Delta Chi Omega, Gamma Chi, and its agents and duly appointed or elected officers, members, and pledges, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson.

**ANSWER:    Defendant Brown states that paragraph 161 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161.**

162.    AKA Sorority has the sole discretion to initiate members into the sorority. Membership is by invitation only. No chapter of AKA Sorority can initiate new members without approval from AKA Sorority national headquarters.

**ANSWER:    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162.**

163.    Regional directors and local chapters, including but not limited to, Central Regional Director Kathy Walker Steele, Delta Chi Omega and Gamma Chi act as agents to carry out AKA Sorority's mandated programs, initiatives, and Membership Intake Process.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163.**

164.     AKA Sorority maintains full control of creating the sororities' membership code of conduct, member discipline such as suspension and expulsion is determined by the national sorority, and local chapters have to get authority for membership activities from AKA Sorority.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164.**

165.     At all material times, Defendant Delta Chi Omega and Gamma Chi were accountable and responsible as a principal for the acts and conduct of its agents and duly appointed or elected officers, members, and pledges, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson.

**ANSWER:** **Defendant Brown states that paragraph 165 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165.**

166.     Shortly after November 20, 2016, Jordan Hankins was required by members of AKA Sorority, Delta Chi Omega, and Gamma Chi, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson, to participate in an initiation ritual and hazing as a condition to being accepted for membership in AKA Sorority.

**ANSWER:** **Defendant Brown denies that she ever required Jordan Hankins to participate in an initiation ritual and/or hazing as a condition to being accepted for**

47

**membership in AKA Sorority. Defendant Brown lacks knowledge or information**
**sufficient to form a belief about the truth of the remaining allegations in paragraph**
**166.**

167. Members of AKA Sorority, Delta Chi Omega, and Gamma Chi were acting within their scope as agents, officers, and members of AKA Sorority when requiring Jordan Hankins to participate in an initiation ritual and hazing as a condition of being accepted for membership in AKA Sorority.

**ANSWER:** **Defendant Brown denies that she ever required Jordan Hankins to**
**participate in an initiation ritual and/or hazing as a condition to being accepted for**
**membership in AKA Sorority. Defendant Brown lacks knowledge or information**
**sufficient to form a belief about the truth of the remaining allegations in paragraph**
**167.**

168. Defendants AKA Sorority, Central Regional Director Kathy Walker Steele, Delta Chi Omega, Gamma Chi, and its agents and duly appointed or elected officers, members and agents owed Hankins a duty of reasonable care not to subject her during initiation rituals to the foreseeable consequences of hazing, including depression and suicide.

**ANSWER:** **Defendant Brown states that paragraph 168 states legal conclusions to**
**which no answer by Defendant Brown is required. To the extent an answer is**
**deemed to be required, Defendant Brown lacks knowledge or information sufficient**
**to form a belief about the truth of the allegations in paragraph 168.**

169. From June of 2015 to January 2017, Defendants, directly or through their agents, committed one or more of the following negligent acts and omissions:

    (a)    Planned, promoted, and/or participated in initiation rituals, which included hazing Hankins;

(b)     Required prospective sorority members or pledges, including Hankins, to participate in initiation rituals that included hazing, as a condition of membership in the sorority;

(c)     Required newly initiated members to participate in post-initiation pledging and hazing as a condition of acceptance and full membership in the sorority; and

(d)     Failed to report hazing activities being conducted by sorority members.

(e)     Defendants were negligent in other respects.

**ANSWER:     Defendant Brown denies the allegations of paragraph 169 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 169.**

170.    At all relevant times, all Defendants were acting within the scope of their agency relationship.

**ANSWER:     Defendant Brown denies that she was acting within the scope of an agency relationship with AKA Sorority at all relevant times. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 170.**

171.    It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants AKA Sorority, Walker Steele, Delta Chi Omega, and Gamma Chi were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:     Defendant Brown denies the allegations of paragraph 171 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or**

**information sufficient to form a belief about the truth of the remaining allegations in paragraph 171.**

172.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected/required to undergo initiation rituals and hazing consisting of physical abuse, emotional abuse, sleep deprivation, and financial exploitation, which caused her to suffer severe depression and commit suicide.

**ANSWER:    Defendant Brown denies that she engaged in any of the foregoing alleged negligent acts or omissions and denies the allegations of paragraph 172 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 172.**

173.    Plaintiff brings this count pursuant to the Illinois Survival Act as the Personal Representative of the Estate of Jordan Hankins, which suffered damages including being made an object of ridicule, embarrassment, humiliation, pain, and suffering.

**ANSWER:    Defendant Brown admits that Plaintiff brings this count under the Illinois Survival Act. Defendant Brown denies any liability to Plaintiff under the Survival Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 173.**

**COUNT IX**
**Negligence as to Defendants AKA Sorority, Delta Chi Omega and Gamma Chi**
**(Wrongful Death Claim)**

*Count IX is not directed against Defendant Brown. Defendant Brown answers the allegations of Count IX only because they are incorporated in later counts asserted against Defendant Brown.*

174.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

50

**ANSWER:** **Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

175.   At all material times, Defendant AKA Sorority was accountable and responsible as a principal for the acts and conduct of its agents, including but not limited to, Defendants Kathy Walker Steele, Delta Chi Omega, Gamma Chi and its agents and duly appointed or elected officers, members, and pledges, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson.

**ANSWER:** **Defendant Brown states that paragraph 175 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175.**

176.   AKA Sorority has the sole discretion to initiate members into the sorority. Membership is by invitation only. No chapter of AKA Sorority can initiate new members without approval from AKA Sorority national headquarters.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176.**

177.   Regional directors and local chapters, including but not limited to, Central Regional Director Kathy Walker Steele, Delta Chi Omega and Gamma Chi act as agents to carry out AKA Sorority's mandated programs, initiatives, and Membership Intake Process.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177.**

178.   AKA Sorority maintains full control of member discipline, and local chapters have to get authority for membership activities from AKA Sorority. AKA Sorority holds out

each local graduate and undergraduate chapter, including but not limited to, Delta Chi Omega and Gamma Chi, and their duly appointed or elected officers and members, as its agents with authority to act on its behalf.

**ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178.**

179. At all material times, Defendants Delta Chi Omega and Gamma Chi were accountable and responsible as a principal for the acts and conduct of its agents and duly appointed or elected officers, members, and pledges, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson.

**ANSWER:** **Defendant Brown states that paragraph 179 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown denies that she was acting as an agent of Defendants Delta Chi Omega and Gamma Chi at all material times. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 179.**

180. Shortly after November 20, 2016, Jordan Hankins was required by members of AKA Sorority, Delta Chi Omega, and Gamma Chi, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson, to participate in an initiation ritual and hazing as a condition to being accepted for membership in AKA Sorority.

**ANSWER:** **Defendant Brown denies that she ever required Jordan Hankins to participate in an initiation ritual and/or hazing as a condition to being accepted for**

**membership in AKA Sorority. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 180.**

181.     Members of AKA Sorority, Delta Chi Omega, and Gamma Chi were acting within their scope as agents, officers, and members of AKA Sorority when requiring Jordan Hankins to participate in an initiation ritual and hazing as a condition of being accepted for membership in AKA Sorority.

**ANSWER:     Defendant Brown denies that she ever required Jordan Hankins to participate in an initiation ritual and/or hazing as a condition to being accepted for membership in AKA Sorority. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 181.**

182.     Defendants AKA Sorority, Central Regional Director Kathy Walker Steele, Delta Chi Omega, Gamma Chi, and its agents and duly appointed or elected officers, members and agents owed Hankins a duty of reasonable care not to subject her during initiation rituals to the foreseeable consequences of hazing, including depression and suicide.

**ANSWER:     Defendant Brown states that paragraph 182 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182.**

183.     At all relevant times, all Defendants AKA Sorority, Central Regional Director Kathy Walker Steele, Delta Chi Omega, and Gamma Chi were acting within the scope of their agency relationship.

**ANSWER:** **Defendant Brown denies that she was acting within the scope of an agency relationship with AKA Sorority at all relevant times. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 183.**

184.    It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants AKA Sorority, Central Regional Director Kathy Walker Steele, Delta Chi Omega, Gamma Chi were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 184 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 184.**

185.    Defendants violated 720 ILCS 5/12C-50.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 185 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 185.**

186.    720 ILCS 5/12C-50 was designed to prevent injury to a class of persons to which Hankins belonged.

**ANSWER:** **Defendant Brown states that paragraph 186 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is**

**deemed to be required, Defendant Brown denies any allegation in paragraph 186 that is inconsistent with 720 ILCS 5/12C-50.**

187.    720 ILCS 5/12-50 penalizes those requiring a student to perform an act for the purpose of induction into any group or organization when that act is not sanctioned by the educational institution and results in bodily harm.

**ANSWER:    Defendant Brown states that paragraph 187 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown denies any allegation in paragraph 187 that is inconsistent with 720 ILCS 5/12C-50.**

188.    Northwestern University did not sanction hazing.

**ANSWER:    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 188.**

189.    By hazing Hankins, Defendants, directly or through their agents or duly appointed or elected officers, members and pledges, violated 720 ILCS 5/12C-50. Illustrations of said violation, cited by way of example but not limitation, are as follows:

(a)    Physical abuse;

(b)    Mental abuse;

(c)    Verbal abuse;

(d)    Sleep deprivation; and

(e)    Financial Exploitation.

Defendants violated the statute in other ways.

**ANSWER:    Defendant Brown denies she hazed Jordan Hankins and denies she violated 720 ILCS 5/12C-50. Defendant Brown denies she committed any of the conduct alleged in subparagraphs (a) – (e) of paragraph 189 or otherwise engaged in**

**any conduct that violated 720 ILCS 5/12C-50. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 189.**

190.    Plaintiff brings this count pursuant to the Illinois Wrongful Death Act as the Personal Representative on behalf of beneficiaries of the Estate of Jordan Hankins, which suffered presumed substantial pecuniary damages including loss of her society and support, grief, and lost wages and salary.

**ANSWER:    Defendant Brown admits that Plaintiff brings this count under the Illinois Wrongful Death Act. Defendant Brown denies any liability to Plaintiff under the Wrongful Death Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 190.**

### COUNT X
**Negligence as to Defendants AKA Sorority, Delta Chi Omega and Gamma Chi**
**(Survival Claim)**

*Count X is not directed against Defendant Brown. Defendant Brown answers the allegations of Count X only because they are incorporated in later counts asserted against Defendant Brown.*

191.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:    Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

192.    At all material times, Defendant AKA Sorority was accountable and responsible as a principal for the acts and conduct of its agents, including but not limited to, Defendants Kathy Walker Steele, Delta Chi Omega, Gamma Chi, and its agents and duly appointed or

elected officers, members, and pledges, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson.

> **ANSWER:** **Defendant Brown states that paragraph 192 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 192.**

193. AKA Sorority has the sole discretion to initiate members into the sorority. Membership is by invitation only. No chapter of AKA Sorority can initiate new members without approval from AKA Sorority national headquarters.

> **ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 193.**

194. Regional directors and local chapters, including but not limited to, Central Regional Director Kathy Walker Steele, Delta Chi Omega and Gamma Chi act as agents to carry out AKA Sorority's mandated programs, initiatives, and Membership Intake Process.

> **ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 194.**

195. AKA Sorority maintains full control of member discipline, and local chapters have to get authority for membership activities from AKA Sorority. AKA Sorority holds out each local graduate and undergraduate chapter, including but not limited to, Delta Chi Omega and Gamma Chi, and their duly appointed or elected officers and members, as its agents with authority to act on its behalf.

> **ANSWER:** **Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 195.**

196.    At all material times, Defendants Delta Chi Omega and Gamma Chi were accountable and responsible as a principal for the acts and conduct of its agents and duly appointed or elected officers, members, and pledges, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson.

**ANSWER:    Defendant Brown states that paragraph 196 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown denies that she was acting as an agent of Defendants Delta Chi Omega and Gamma Chi at all material times. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 197.**

197.    Shortly after November 20, 2016, Jordan Hankins was required by members of AKA Sorority, Delta Chi Omega, and Gamma Chi, including but not limited to, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson, to participate in an initiation ritual and hazing as a condition to being accepted for membership in AKA Sorority.

**ANSWER:    Defendant Brown denies that she ever required Jordan Hankins to participate in an initiation ritual and/or hazing as a condition to being accepted for membership in AKA Sorority. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 197.**

198.    Members of AKA Sorority, Delta Chi Omega, and Gamma Chi were acting within their scope as agents, officers, and members of AKA Sorority when requiring Jordan

58

Hankins to participate in an initiation ritual and hazing as a condition of being accepted for membership in AKA Sorority.

> **ANSWER:** Defendant Brown denies that she ever required Jordan Hankins to participate in an initiation ritual and/or hazing as a condition to being accepted for membership in AKA Sorority. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 198.

199. Defendants AKA Sorority, Central Regional Director Kathy Walker Steele, Delta Chi Omega, Gamma Chi, and its agents and duly appointed or elected officers, members and agents owed Hankins a duty of reasonable care not to subject her during initiation rituals to the foreseeable consequences of hazing, including depression and suicide.

> **ANSWER:** Defendant Brown states that paragraph 199 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 199.

200. At all relevant times, all Defendants were acting within the scope of their agency relationship.

> **ANSWER:** Defendant Brown denies that she was acting within the scope of an agency relationship with AKA Sorority at all relevant times. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 200.

201. It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants AKA Sorority, Central Regional Director Kathy Walker Steele, Delta Chi

Omega, Gamma Chi were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 201 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 201.**

202.     Defendants violated 720 ILCS 5/12C-50.

**ANSWER:** **Defendant Brown denies the allegations of paragraph 202 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 202.**

203.     720 ILCS 5/12C-50 was designed to prevent injury to a class of persons to which Hankins belonged.

**ANSWER:** **Defendant Brown states that paragraph 203 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is deemed to be required, Defendant Brown denies any allegation in paragraph 203 that is inconsistent with 720 ILCS 5/12C-50.**

204.     720 ILCS 5/12C-50 penalizes those requiring a student to perform an act for the purpose of induction into any group or organization when that act is not sanctioned by the educational institution and results in bodily harm.

**ANSWER:** **Defendant Brown states that paragraph 204 states legal conclusions to which no answer by Defendant Brown is required. To the extent an answer is**

**deemed to be required, Defendant Brown denies any allegation in paragraph 204 that is inconsistent with 720 ILCS 5/12C-50.**

205.    Northwestern University did not sanction hazing.

**ANSWER:    Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 205.**

206.    By hazing Hankins, Defendants, directly or through their agents or duly appointed or elected officers, members and pledges, violated 720 ILCS 5/12C-50. Illustrations of said violation, cited by way of example but not limitation, are as follows:

(a)    Physical abuse;

(b)    Mental abuse;

(c)    Verbal abuse;

(d)    Sleep deprivation; and

(e)    Financial Exploitation.

Defendants violated the statute in other ways.

**ANSWER:    Defendant Brown denies she hazed Jordan Hankins and denies she violated 720 ILCS 5/12C-50. Defendant Brown denies she committed any of the conduct alleged in subparagraphs (a) – (e) of paragraph 206 or otherwise engaged in any conduct that violated 720 ILCS 5/12C-50. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 206.**

207.    At all relevant times, all Defendants were acting within the scope of their agency relationship.

**ANSWER:    Defendant Brown denies that she was acting within the scope of an agency relationship with AKA Sorority at all relevant times. Defendant Brown lacks**

**knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 207.**

208.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected/required to undergo initiation rituals and hazing consisting of physical abuse, emotional abuse, sleep deprivation, and financial exploitation, which caused her to suffer severe depression and commit suicide.

**<u>ANSWER:</u>    Defendant Brown denies that she engaged in any of the foregoing alleged negligent acts or omissions and denies the allegations of paragraph 208 to the extent any allegation is directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 208.**

209.     Plaintiff brings this count pursuant to the Illinois Survival Act as the Personal Representative of the Estate of Jordan Hankins, which suffered damages including being made an object of ridicule, embarrassment, humiliation, pain, and suffering.

**<u>ANSWER:</u>    Defendant Brown admits that Plaintiff brings this count under the Illinois Survival Act. Defendant Brown denies any liability to Plaintiff under the Survival Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 209.**

**COUNT XI**
**Negligence as to Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson**
**(Wrongful Death Claim)**

210.     At all material times, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson owed a duty of reasonable care not to

subject Jordan Hankins to the foreseeable consequences of required hazing during initiation rituals.

**ANSWER:** **Defendant Brown states that paragraph 210 states legal conclusions to which no answer is required. To the extent an answer is deemed to be required, Defendant Brown denies that she subjected Jordan Hankins to hazing and denies that she owed a duty of reasonable care to Jordan Hankins with respect to any hazing by others. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 210.**

211.    Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson acting knowingly and willingly in execution of post-initiation pledging, planned, approved, promoted, required, and participated in, jointly and in concert, committed one or more of the following negligent acts and omissions:

(a)     Planned and promoted multiple hazing activities, in which Gamma Chi initiates, including Jordan Hankins, as a condition to membership in the sorority, had to be subjected to various forms of hazing including physical abuse, mental abuse, verbal abuse, financial exploitation, and sleep deprivation;

(b)     Required Jordan Hankins, as a condition to membership in the sorority, to call sorority members at specific times to be subjected to verbal abuse;

(c)     Required Jordan Hankins, as a condition to membership in the sorority, to subject herself to physical abuse;

(d)     Failed to seek medical attention for Jordan Hankins when she advised she was "mentally unstable" and having suicidal thoughts;

(e)     Failed to report the hazing activities to agents, officers, and/ or members of AKA Sorority; and

(f)     Were otherwise careless and negligent.

**ANSWER:** **Defendant Brown denies all allegations against Defendant Brown in paragraph 211, including all subparagraphs therein. Defendant Brown lacks**

**knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 211.**

212.     It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:     Defendant Brown denies any implication in paragraph 212 that she subjected Jordan Hankins to hazing. Defendant denies any allegation in paragraph 212 directed against Defendant Brown. Defendant Brown admits that Jordan Hankins on one occasion in Defendant Brown's presence stated that her PTSD was triggered. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 212.**

213.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected/required to undergo initiation rituals and hazing consisting of physical abuse, emotional abuse, sleep deprivation, and financial exploitation, which caused her to suffer severe depression and commit suicide.

**ANSWER:     Defendant Brown admits that Jordan Hankins was subjected to certain initiation rituals and activities which would violate the sorority's stated anti-hazing policy. Defendant Brown denies that she engaged in any of the foregoing negligent acts or omissions and denies that she subjected or required Jordan Hankins to undergo initiation rituals and hazing. Defendant Brown denies all remaining allegations against Defendant Brown in paragraph 213. Defendant**

**Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 213.**

214.    Plaintiff brings this count pursuant to the Illinois Wrongful Death Act as the Personal Representative on behalf of beneficiaries of the Estate of Jordan Hankins, which suffered presumed substantial pecuniary damages including loss of her society and support, grief, and lost wages and salary.

**ANSWER:    Defendant Brown admits that Plaintiff brings this count under the Illinois Wrongful Death Act. Defendant Brown denies any liability to Plaintiff under the Wrongful Death Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 214.**

**COUNT XII**
**Negligence as to Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson**
**(Survival Claim)**

215.    At all material times, Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson owed a duty of reasonable care not to subject Jordan Hankins to the foreseeable consequences of required hazing during initiation rituals.

**ANSWER:    Defendant Brown states that paragraph 215 states legal conclusions to which no answer is required. To the extent an answer is deemed to be required, Defendant Brown denies that she subjected Jordan Hankins to hazing and denies that she owed a duty of reasonable care to Jordan Hankins with respect to any hazing by others. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 215.**

216.    Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson acting knowingly and willingly in execution of post-initiation pledging, planned, approved, promoted, required, and participated in, jointly and in concert, committed one or more of the following negligent acts and omissions:

(a)     Planned and promoted multiple hazing activities, in which Gamma Chi initiates, including Jordan Hankins, as a condition to membership in the sorority, had to be subjected to various forms of hazing including physical abuse, mental abuse, verbal abuse, financial exploitation, and sleep deprivation;

(b)     Required Jordan Hankins, as a condition to membership in the sorority, to call sorority members at specific times to be subjected to verbal abuse;

(c)     Required Jordan Hankins, as a condition to membership in the sorority, to subject herself to physical abuse;

(d)     Failed to seek medical attention for Jordan Hankins when she advised she was "mentally unstable" and having suicidal thoughts;

(e)     Failed to report the hazing activities to agents, officers, and/ or members of AKA Sorority; and

(f)     Were otherwise careless and negligent.

**ANSWER:    Defendant Brown denies all allegations against Defendant Brown in paragraph 216, including all subparagraphs therein. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 216.**

217.    It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:** **Defendant Brown denies any implication in paragraph 217 that she subjected Jordan Hankins to hazing. Defendant denies any allegation in paragraph 217 directed against Defendant Brown. Defendant Brown admits that on one occasion in Defendant Brown's presence Jordan Hankins said her PTSD was triggered. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 217.**

218.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected/required to undergo initiation rituals and hazing consisting of physical abuse, emotional abuse, sleep deprivation, and financial exploitation, which caused her to suffer severe depression and commit suicide.

**ANSWER:** **Defendant Brown admits that Jordan Hankins was subjected to initiation rituals and activities which would violate the sorority's stated anti-hazing policy. Defendant Brown denies that she engaged in any of the foregoing negligent acts or omissions and denies that she subjected or required Jordan Hankins to undergo initiation rituals and hazing. Defendant Brown denies all remaining allegations against Defendant Brown in paragraph 218. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 218.**

219.     Plaintiff brings this count pursuant to the Illinois Survival Act as the Personal Representative of the Estate of Jordan Hankins, which suffered damages including being made an object of ridicule, embarrassment, humiliation, pain, and suffering.

**ANSWER:** **Defendant Brown admits that Plaintiff brings this count under the Illinois Survival Act. Defendant Brown denies any liability to Plaintiff under the**

**Survival Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 219.**

### COUNT XIII
### Intentional Infliction of Emotional Distress as to Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson
### (Wrongful Death Claim)

220.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:    Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

221.    Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson had a duty to exercise reasonable care to protect Hankins from the dangers of hazing.

**ANSWER:    Defendant Brown states that paragraph 221 states legal conclusions to which no answer is required. To the extent an answer is deemed to be required, Defendant Brown denies that she subjected Jordan Hankins to hazing and denies that she owed a duty of reasonable care to Jordan Hankins with respect to any hazing by others. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 221.**

222.    Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson intentionally hazed Hankins with the intention of inflicting severe emotion distress or knew there was a high probability that hazing would cause such distress. Illustrations of said conduct, cited by way of example but not limitation, are as follows:

(a)    Verbal abuse;

(b)    Physical abuse;

(c)    Emotional abuse;

68

(d)    Mental abuse; and

(e)    Financial exploitation.

**ANSWER:**    **Defendant Brown denies all allegations against Defendant Brown in paragraph 222, including all subparagraphs therein. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 222.**

223.    At all relevant times, Defendants knew or should have known the hazing activities were extreme, outrageous, and unlawful.

**ANSWER:**    **Defendant Brown denies the allegations of paragraph 223 as directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 223.**

224.    Defendants' conduct was intentional and done with the purpose of causing Hankins to suffer humiliation, mental anguish, and emotional and physical distress.

**ANSWER:**    **Defendant Brown denies the allegations of paragraph 224 as directed against her. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 224.**

225.    It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:**    **Defendant Brown denies any implication in paragraph 225 that she subjected Jordan Hankins to hazing. Defendant denies any allegation in paragraph 225 directed against Defendant Brown. Defendant Brown admits that Jordan**

69

**Hankins said her PTSD was triggered. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 225.**

226.    As a direct and proximate result of one or more of the foregoing acts or omissions, Hankins was subjected/required to undergo initiation rituals and hazing consisting of physical abuse, emotional abuse, verbal abuse, mental abuse, sleep deprivation, and financial exploitation, which caused her to suffer severe emotional distress and ultimately commit suicide.

**ANSWER:    Defendant Brown admits that Jordan Hankins was subjected to certain initiation rituals and activities which would violate the sorority's stated anti-hazing policy. Defendant Brown denies that she engaged in any of the foregoing negligent acts or omissions and denies that she subjected or required Jordan Hankins to undergo initiation rituals and hazing. Defendant Brown denies all remaining allegations against Defendant Brown in paragraph 226. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 226.**

227.    Plaintiff brings this count pursuant to the Illinois Wrongful Death Act as the Personal Representative on behalf of beneficiaries of the Estate of Jordan Hankins, which suffered presumed substantial pecuniary damages including loss of her society and support, grief, and lost wages and salary.

**ANSWER:    Defendant Brown admits that Plaintiff brings this count under the Illinois Wrongful Death Act. Defendant Brown denies any liability to Plaintiff under the Wrongful Death Act. Defendant Brown lacks knowledge or information**

**sufficient to form a belief about the truth of the remaining allegations in paragraph 227.**

## COUNT XIV
### Intentional Infliction of Emotional Distress as to Defendants
### Anderson, Brown, Clemons, Chambers, Smith, Valdez,
### Thompson Greenwell, and Madlock-Henderson
### (Survival Claim)

228.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:    Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

229.    Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson had a duty to exercise reasonable care to protect Hankins from the dangers of hazing.

**ANSWER:    Defendant Brown states that paragraph 229 states legal conclusions to which no answer is required. To the extent an answer is deemed to be required, Defendant Brown denies that she subjected Jordan Hankins to hazing and denies that she owed a duty of reasonable care to Jordan Hankins with respect to any hazing by others. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 229.**

230.    Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson intentionally hazed Hankins with the intention of inflicting severe emotion distress or knew there was a high probability that hazing would cause such distress. Illustrations of said conduct, cited by way of example but not limitation, are as follows:

(a)    Verbal abuse;

(b)    Physical abuse;

(c)    Emotional abuse;

(d)     Mental abuse; and

(e)     Financial exploitation.

**ANSWER:     Defendant Brown denies all allegations against Defendant Brown in paragraph 230, including all subparagraphs therein. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 230.**

231.    At all relevant times, Defendants knew the hazing activities were extreme, outrageous, and unlawful.

**ANSWER:     Defendant Brown denies any implication in paragraph 231 that she subjected Jordan Hankins to hazing activities. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 231.**

232.    Defendants' conduct was intentional and done with the purpose of causing Hankins to suffer humiliation, mental anguish, and emotional and physical distress.

**ANSWER:     Defendant Brown denies all allegations against Defendant Brown in paragraph 232. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 232.**

233.    It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:     Defendant Brown denies any implication in paragraph 233 that she subjected Jordan Hankins to hazing. Defendant denies any allegation in paragraph**

**233 directed against Defendant Brown. Defendant Brown admits that Jordan Hankins said her PTSD was triggered. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 233.**

234.    As a direct and proximate result of one or more of the foregoing acts or omissions, Hankins was subjected/required to undergo initiation rituals and hazing consisting of physical abuse, emotional abuse, verbal abuse, mental abuse, sleep deprivation, and financial exploitation, which caused her to suffer severe emotional distress and ultimately commit suicide.

**ANSWER:    Defendant Brown admits that Jordan Hankins was subjected to certain initiation rituals and hazing. Defendant Brown denies that she engaged in any of the foregoing negligent acts or omissions and denies that she subjected or required Jordan Hankins to undergo initiation rituals and hazing. Defendant Brown denies all remaining allegations against Defendant Brown in paragraph 234. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 234.**

235.    Plaintiff brings this count pursuant to the Illinois Survival Act as the Personal Representative of the Estate of Jordan Hankins, which suffered damages including being made an object of ridicule, embarrassment, humiliation, pain, and suffering.

**ANSWER:    Defendant Brown admits that Plaintiff brings this count under the Illinois Survival Act. Defendant Brown denies any liability to Plaintiff under the Survival Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 235.**

**COUNT XV**
**Negligent Infliction of Emotional Distress as to Defendants Anderson,**

73

**Brown, Clemons, Chambers, Smith, Valdez,**
**Thompson Greenwell, and Madlock-Henderson**
**(Wrongful Death Claim)**

236.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:    Defendant Brown re-alleges all answers to the preceding paragraphs**
**as if stated herein.**

237.    Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson
Greenwell, and Madlock-Henderson had a duty to exercise reasonable care to protect Hankins
from the dangers of hazing.

**ANSWER:    Defendant Brown states that paragraph 237 states legal conclusions to**
**which no answer is required. To the extent an answer is deemed to be required,**
**Defendant Brown denies that she subjected Jordan Hankins to hazing and denies**
**that she owed a duty of reasonable care to Jordan Hankins with respect to any**
**hazing by others. Defendant Brown lacks knowledge or information sufficient to**
**form a belief about the truth of the remaining allegations in paragraph 237.**

238.    Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson
Greenwell, and Madlock-Henderson were agents, members, officers, and pledges of AKA
Sorority acting within their authority as such from June 2015 until January 2017.

**ANSWER:    Defendant Brown admits that she was a pledge and member of AKA**
**Sorority. Defendant Brown denies the remaining allegations in paragraph 238 as**
**directed against Defendant Brown. Defendant Brown lacks knowledge or**
**information sufficient to form a belief about the truth of the remaining allegations**
**in paragraph 238.**

239.    Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson
Greenwell, and Madlock-Henderson, individually, and as agents, officers, and members of AKA

Sorority, breached their duty of care when they hazed Hankins. Illustrations of said hazing, cited by way of example but not limitation, are as follows:

      (a)     Verbal abuse;

      (b)     Physical abuse;

      (c)     Emotional abuse;

      (d)     Mental abuse; and

      (e)     Financial exploitation.

**<u>ANSWER:</u>    Defendant Brown denies all allegations against Defendant Brown in paragraph 239, including all subparagraphs therein. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 239.**

240.    At all relevant times, Defendants knew or should have known of the risks of severe emotional distress, depression, and suicide arising from hazing.

**<u>ANSWER:</u>    Defendant Brown denies all allegations against Defendant Brown in paragraph 240. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 239.**

241.    At all relevant times, all Defendants were acting within the scope of their agency relationship.

**<u>ANSWER:</u>    Defendant Brown denies that she was acting within the scope of an agency relationship with AKA Sorority at all relevant times. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 241.**

242.    It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson

Greenwell, and Madlock-Henderson were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:** **Defendant Brown denies any implication in paragraph 242 that she subjected Jordan Hankins to hazing. Defendant denies any allegation in paragraph 242 directed against Defendant Brown. Defendant Brown admits that Jordan Hankins said her PTSD was triggered. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 242.**

243.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected/required to undergo initiation rituals and hazing consisting of physical abuse, emotional abuse, sleep deprivation, and financial exploitation, which caused her to suffer severe depression and commit suicide.

**ANSWER:** **Defendant Brown admits that Jordan Hankins was subjected to certain initiation rituals and activities which would violate the sorority's stated anti-hazing policy. Defendant Brown denies that she engaged in any of the foregoing negligent acts or omissions and denies that she subjected or required Jordan Hankins to undergo initiation rituals and hazing. Defendant Brown denies all remaining allegations against Defendant Brown in paragraph 243. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 243.**

244.    Plaintiff brings this count pursuant to the Illinois Wrongful Death Act as the Personal Representative on behalf of beneficiaries of the Estate of Jordan Hankins, which

76

suffered presumed substantial pecuniary damages including loss of her society and support, grief, and lost wages and salary.

**ANSWER:** **Defendant Brown admits that Plaintiff brings this count under the Illinois Wrongful Death Act. Defendant Brown denies any liability to Plaintiff under the Wrongful Death Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 244.**

### COUNT XVI
**Negligent Infliction of Emotional Distress as to Defendants Anderson,
Brown, Clemons, Chambers, Smith, Valdez,
Thompson Greenwell, and Madlock-Henderson
(Survival Claim)**

245.    Plaintiff Felicia Hankins re-alleges all preceding paragraphs.

**ANSWER:** **Defendant Brown re-alleges all answers to the preceding paragraphs as if stated herein.**

246.    Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson had a duty to exercise reasonable care to protect Hankins from the dangers of hazing.

**ANSWER:** **Defendant Brown states that paragraph 246 states legal conclusions to which no answer is required. To the extent an answer is deemed to be required, Defendant Brown denies that she subjected Jordan Hankins to hazing and denies that she owed a duty of reasonable care to Jordan Hankins with respect to any hazing by others. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 246.**

247.     Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson were agents, members, officers, and pledges of AKA Sorority acting within their authority as such from June 2015 until January 2017.

**ANSWER:     Defendant Brown admits that she was a pledge and member of AKA Sorority. Defendant Brown denies the remaining allegations in paragraph 247 as directed against Defendant Brown. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 247.**

248.     Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson, individually, and as agents, officers, and members of AKA Sorority, breached their duty of care when they hazed Hankins. Illustrations of said hazing, cited by way of example but not limitation, are as follows:

(a)     Verbal abuse;

(b)     Physical abuse;

(c)     Emotional abuse;

(d)     Mental abuse; and

(e)     Financial exploitation.

**ANSWER:     Defendant Brown denies all allegations against Defendant Brown in paragraph 248, including all subparagraphs therein. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 248.**

249.     At all relevant times, Defendants knew or should have known of the risks of severe emotional distress, depression, and suicide arising from hazing.

78

**ANSWER:    Defendant Brown denies all allegations against Defendant Brown in paragraph 249. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 249.**

250.    At all relevant times, all Defendants were acting within the scope of their agency relationship.

**ANSWER:    Defendant Brown denies that she was acting within the scope of an agency relationship with AKA Sorority at all relevant times. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 250.**

251.    It was foreseeable that Hankins would commit suicide as a result of the hazing activities. Defendants Anderson, Brown, Clemons, Chambers, Smith, Valdez, Thompson Greenwell, and Madlock-Henderson were advised that the hazing was triggering Hankins' PTSD, severe depression and anxiety, she was mentally unstable, and she explicitly expressed she was suicidal and had a plan to commit suicide.

**ANSWER:    Defendant Brown denies any implication in paragraph 251 that she subjected Jordan Hankins to hazing. Defendant denies any allegation in paragraph 251 directed against Defendant Brown. Defendant Brown admits that Jordan Hankins said her PTSD was triggered. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 251.**

252.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Hankins was subjected/required to undergo initiation rituals and hazing consisting of

physical abuse, emotional abuse, sleep deprivation, and financial exploitation, which caused her to suffer severe depression and commit suicide.

> **ANSWER:** **Defendant Brown admits that Jordan Hankins was subjected to certain initiation rituals and activities which would violate the sorority's stated anti-hazing policy.. Defendant Brown denies that she engaged in any of the foregoing negligent acts or omissions and denies that she subjected or required Jordan Hankins to undergo initiation rituals and hazing. Defendant Brown denies all remaining allegations against Defendant Brown in paragraph 252. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 252.**

253.    Plaintiff brings this count pursuant to the Illinois Survival Act as the Personal Representative of the Estate of Jordan Hankins, which suffered damages including being made an object of ridicule, embarrassment, humiliation, pain, and suffering.

> **ANSWER:** **Defendant Brown admits that Plaintiff brings this count under the Illinois Survival Act. Defendant Brown denies any liability to Plaintiff under the Survival Act. Defendant Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 253.**

## AFFIRMATIVE DEFENSES

Further answering the Complaint, and as additional defenses thereto, Defendant Jalon Brown incorporates by reference the foregoing answers as though fully set forth herein, without assuming the burden of proof where such burden is otherwise on the Plaintiff as a matter of applicable substantive and procedural law, and further alleges as follows:

### First Affirmative Defense
**(Arbitration)**

1.      Upon information and belief, Plaintiff's decedent, Jordan Hankins, executed and agreed to the terms in a certain Alpha Kappa Alpha Sorority, Incorporated Undergraduate Membership Interest Application which included an "Agreement To Arbitration" The terms agreed to by Plaintiff's decedent require arbitration of the claims alleged in the Amended Complaint, including the claims against Defendant Brown.

### Second Affirmative Defense
### (Contributory Negligence or Fault – Reduced Recovery)

2.      At all times relevant, Plaintiff's decedent was duty-bound to act with all due care under the circumstances for her own  health and well-being .

3.      Notwithstanding said duty, Plaintiff's decedent breached this duty of care by way of example and not limitation in one or more of the following ways:

> a.      failing to report alleged hazing to appropriate authorities;
>
> b.      participating in activities that violated the sorority's stated anti-hazing policy; and
>
> c.      failing to seek assistance from the University or from appropriate professionals.

4.      The injuries, expenses and pecuniary losses and other damages claimed by Plaintiff were caused in whole or in part by the negligence or fault of Plaintiff's decedent, and any verdict or judgment obtained by Plaintiff should be reduced by an amount commensurate with the degree of fault attributed to Plaintiff's decedent. 735 ILCS 5/2-1116.

### Third Affirmative Defense
### (Contributory Negligence – Bar From Recovery)

5.      Defendant Brown restates and re-alleges paragraphs 2-4 above.

6.      The breach of the duty of care as stated above was greater than 50% of the proximate cause of the injuries, expenses, pecuniary losses and other damages claimed by Plaintiff.

7. Plaintiff's decedent's contributory negligence bars Plaintiff's claims against Defendant Brown. 735 ILCS 5/2-1116.

## Fourth Affirmative Defense
### (Contributory Negligence of Third Parties)

8. Plaintiff's claims against Defendant Brown are barred in whole or in part by the contributory negligence of other parties over which Defendant Brown did not have control or any right of control, which was the sole proximate or the sole producing cause of the incident in question and any alleged damages related thereto.

## Fifth Affirmative Defense
### (Intervening Causation)

9. Plaintiff's damages, if any, were proximately caused by an intervening or superseding cause, and Plaintiff's recovery against Defendant Brown is therefore barred.

10. There exists no proximate causation between any alleged act or alleged breach of duty by Defendant Brown and Plaintiff's alleged damages.

## RESERVATION OF RIGHTS

Defendant Jalon Brown reserves her right to add additional or amend existing affirmative defenses and cross claims or counterclaims upon the completion of discovery and as justice requires.


Dated: February 7, 2019

By:  s/*Molly E. Thompson*

Michael C. Borders
mborders@dykema.com
Molly E. Thompson
mthompson@dykema.com
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois  60606
312-876-1700

One of the Attorneys for Defendant,
Jalon Brown

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 7, 2019, I electronically filed the foregoing **ANSWER TO AMENDED COMPLAINT** in this matter via the Court's CM/ECF system which caused a true and correct copy of the above filing to be served on all parties that have appeared. Parties may access the within instrument through the Court's CM/ECF system

<u>  s/Molly E. Thompson            </u>