IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Felicia Hankins, Personal Representative of the Estate of Jordan Hankins, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Alpha Kappa Alpha Sorority, Inc.; Alpha Kappa Alpha Sorority, Inc., Gamma Chi Chapter; Alpha Kappa Alpha Sorority, Inc., Delta Chi Omega Chapter; Kathy A. Walker Steele; Alexandria Anderson; Jalon Brown; Alexandria Clemons; Cariana Chambers; Raven Smith; Bianca Valdez; Ava Thompson Greenwell; and Ashanti Madlock-Henderson, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 19-CV-00147

**DEFENDANT-INTERVENOR, ALLSTATE INSURANCE COMPANY'S
MOTION TO INTERVENE**

Allstate Insurance Company (hereafter referred to a "ALLSTATE"), respectfully moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a plaintiff in this action. Intervention is warranted as a matter of right because the interests of ALLSTATE cannot be fully represented or protected by the defendant, RAVEN SMITH, and this interest will be impaired if ALLSTATE is not permitted to intervene. See Fed.R. Civ.P. 24(a)(2).

Before filing this motion, counsel for ALLSTATE communicated with counsel for all parties.

For the reasons discussed herein and in the accompanying Memorandum of Law, ALLSTATE respectfully requests that the Court grant ALLSTATE'S Motion to Intervene in this matter.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**

ALLSTATE respectfully submits this Memorandum of Law in support of its Motion to Intervene in this action filed by plaintiff, Felicia Hankins, Personal Representative of the Estate of Jordan Hankins, against defendants, ALPHA KAPPA ALPHA SORORITY, INC.; ALPHA KAPPA ALPHA SORORITY, INC., GAMMA CHI CHAPTER; ALPHA KAPA ALPHA SORORITY, INC., DELTA CHI OMEGA CHAPTER; KATHY A. WALKER STEELE; ALEXANDRIA ANDERSON; JALON BROWN; ALEXANDREA CLEMONS; CARIANA CHAMBERS; RAVEN SMITH; BIANCA VALDEZ; AVA THOMPSON GREENWELL; AND ASHANTI MADLOCK-HENDERSON. ALLSTATE moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a matter of right.

**PRELIMINARY STATEMENT**

The plaintiff has filed a lawsuit against the defendants regarding the death of JORDAN HANKINS, deceased. In the complaint it is alleged JORDAN HANKINS, deceased, committed suicide as a result of certain wrongful conduct on the part of the defendants.

The defendant, RAVEN SMITH, has asserted a claim for coverage pursuant to the terms of a certain insurance policy issued by ALLSTATE. At this time, ALLSTATE is providing a defense to the defendant, RAVEN SMITH. ALLSTATE has raised certain terms and provisions of the insurance policy that may exclude coverage for this matter. So as to preserve the coverage defenses, ALLSTATE has allowed the defendant, RAVEN SMITH, to select her attorney. The defendant, RAVEN SMITH, has selected attorney, Trent McCain to represent her interests. Because the defendant, RAVEN SMITH has selected her own attorney and because of the above-mentioned coverage issues, it is anticipated ALLSTATE will not be kept fully apprised of developments. Should it be determined coverage exists ALLSTATE will be responsible to indemnify the defendant, RAVEN SMITH for any settlement or judgment up to the limits of coverage afforded. For this reason, ALLSTATE has an interest in any information obtained in discovery. Further, for the same reason, ALLSTATE has an interest in making sure the defendant, RAVEN SMITH'S interests are fully protected.

## ARGUMENT

### ALLSTATE INSURANCE COMPANY SHOULD BE PERMITTED TO INTERVENE AS A MATTER OF RIGHT

Federal Rule of Civil Procedure 21(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action,: and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Ohio State Conference of NAACP v Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); see *Grutter v Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). ALLSTATE meets each of these requirements for intervention as a matter of right.

### A. ALLSTATE'S MOTION IS TIMELY

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances,: including:

> (1) the point to which the suit has progress; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); see *United States v City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013) (same).

In this matter, the litigation is in the early stages. To date, no factual or legal issues have been litigated. ALLSTATE, at this time, does not seek to raise any issues that have not already been raised.

### B.  ALLSTATE INSURANCE COMPANY HAS A SUBSTANTIAL INTEREST IN THE OUTCOME OF THIS CASE

The defendant, RAVEN SMITH has made a claim for coverage under an insurance policy issued by ALLSTATE.  At this time, ALLSTATE is providing a defense for the defendant, RAVEN SMITH.  Also, the potential exists that in the future, the defendant, RAVEN SMITH will demand that ALLSTATE provide indemnity coverage and pay a portion or all of any settlement reached or judgment entered.

Because of the above, it is necessary that ALLSTATE be kept fully apprised of all information that is obtained in discovery.  Should a demand be made that ALLSTATE agree to the terms of a proposed settlement it is necessary that ALLSTATE have complete information regarding the facts and damages.  Without being allowed to intervene ALLSTATE will not have all of the information.  Instead, in all likelihood, ALLSTATE will be provided only information that will further the interests of those proposing the settlement.

### C.  INTERVENTION IS NECESSARY TO PROTECT THE INTERESTS OF ALLSTATE INSURANCE COMPANY

As previously indicated without being allowed to intervene ALLSTATE will not be kept fully apprised as the litigation develops.  In addition, because of the potential that ALLSTATE will be obligated to indemnify the defendant, RAVEN SMITH for any settlement or judgment the possibility exists that counsel selected by the defendant, RAVEN SMITH does not have the incentive to provide a complete and vigorous defense.  Given the facts and circumstances, the defendant, RAVEN SMITH may not have any personal risk in the outcome of the litigation.  Consequently, when considering the potential liability of the defendant, RAVEN SMITH, only ALLSTATE would ultimately bear any risk of being responsible for any settlement or judgment.

### D.  THE EXISTING PARTIES CANNOT ADEQUATELY PROTECT THE INTERESTS OF ALLSTATE INSURANCE COMPANY

To be allowed to intervene it is necessary that the potential intervenor show not that its interests will not be adequately protected but instead that the interests may not be adequately protected.  ALLSTATE satisfies this requirement.

First, without being allowed to intervene ALLSTATE has no means by which to be kept fully apprised of the litigation and of information obtained in discovery. While ALLSTATE is providing a defense for the defendant, RAVEN SMITH counsel representing the defendant, RAVEN SMITH, was not retained by ALLSTATE. The defendant, RAVEN SMITH personally selected and retained her counsel. ALLSTATE has no means by which to require that counsel for the defendant, RAVEN SMITH keep ALLSTATE fully advised.

Second, the potential exists of that the defendant, RAVEN SMITH has no personal risk in the outcome of the litigation. If this is correct, counsel for the defendant, RAVEN SMITH may not fully and vigorously provide a defense. Should such occur, ALLSTATE would be potentially responsible for a settlement or judgment in an amount greater than would otherwise exist.

## CONCLUSION

For the foregoing reasons, ALLSTATE INSURANCE COMPANY respectfully request that this Honorable Court grant ALLSTATE'S motion to intervene.

Respectfully submitted,


BY: ___/s/ Raymond P. Fabricius_____
FABRICIUS & LINDIG, attorneys for
Defendant, **RAVEN SMITH**


Raymond P. Fabricius
FABRICIUS & LINDIG
320 West Jefferson Street
Suite 200
Ottawa, Illinois 61350
(815) 433-5400
A.R.D.C.# 6197303
office@rayfabriciuslaw.com

**CERTIFICATE OF CONSULTATION**

I, Raymond P. Fabricius, certify that I conferred with and sought the consent of counsel for all parties to the filing of this Motion to Intervene. Counsel for plaintiff, Felicia Hankins, Personal Representative of the Estate of Jordan Hankins, have represented that they consent. Counsel for defendants, Raven Smith, Alpha Kappa Alpha Sorority, and Delta Chi Omega Chapter has represented that they consent, and counsel for defendants, Jalon Brown, Ava Thompson Greenwell, Bianca Valdez, Ashanti Madlock-Henderson and Alpha Kappa Alpha Sorority, Inc., and Kathy A. Walker Steele have represented that they do not consent.

              ___/s/ Raymond P. Fabricius_____
              Raymond P. Fabricius
              Attorney at Law

## CERTIFICATE OF SERVICE

I, Raymond P. Fabricius, certify that I filed the foregoing Motion and Memorandum of Law and accompanying proposed Complaint in Intervention and proposed order with the Electronic Case Filing system established by the U.S. District Court NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, and by filing these documents with the CM-ECF system, provided notice of filing to all counsel of record listed below:

Trent McCain
Attorney at Law
McCain Law Offices, P.C.
5655 Broadway
Merrillville, IN 46410
219-884-0696
trent@mccain.law

**ATTORNEY FOR**
Raven Smith

Brandon Vaughn
Attorney at Law
Robins Kaplan, LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
612-349-0170
bvaughn@robinskaplan.com

Thomas Vaughn
Attorney at Law
Thomas E Vaughn & Associates
9009 S Western Avenue
Chicago, IL 60643
312-593-0546
tvaughn@tvaughnlaw.com

**ATTORNEY FOR**
Felicia Hankins, Personal Representative
of the Estate of Jordan Hankins, deceased.

Scott R Shinkan
Kristin Esposito
Attorneys at Law
Clausen Miller, P.C
10 S LaSalle Street
Chicago, IL 60603
312-606-7430
sshinkan@clausen.com
kesposito@clausen.com

**ATTORNEYS FOR**
Alexandria Clemons

Victor P Henderson
Christopher W Carmichael
Attorneys at Law
Henderson Parks, LLC
140 S Dearborn Street
Suite 1020
Chicago, IL 60603
312-262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com

**ATTORNEYS FOR**
Alpha Kappa Alpha Sorority, Inc.
Kathy A Walker Steele

| | |
|---|---|
| Michael J Charysh<br>John J. Beribak<br>Attorneys at Law<br>Charysh & Schroeder, Ltd<br>33 N Dearborn Street<br>Suite 1300<br>Chicago, IL 60602<br>312-372-8338<br>mcharysh@cslaw-chicago.com<br>jberibak@cslaw-chicago.com<br><br>**ATTORNEYS FOR**<br>Alpha Kappa Alpha Sorority,<br>Delta Chi Omega Chapter | Michael C Borders<br>Molly E Thompson<br>Attorneys at Law<br>Dykema Gossett LLC<br>10 S Wacker Drive<br>Suite 2300<br>Chicago, IL 60606<br>mborders@dykema.com<br>methompson@dykema.com<br><br>**ATTORNEYS FOR**<br>Jalon Brown |
| Albert C Angelo<br>Chadwel D Kasdin<br>Attorneys at Law<br>Hinshaw & Culbertson, LLP<br>151 N Franklin Street<br>Suite 2500<br>Chicago, IL 60606<br>312-704-3509<br>aangelo@hinshawlaw.com<br>ckasdin@hinshawlaw.com<br><br>**ATTORNEY FOR**<br>Cariana Chambers | Charles E. Reiter, III<br>Katherine C Morrison<br>Attorneys at Law<br>Reiter Burns, LLP<br>311 S Wacker Drive<br>Suite 5200<br>Chicago, IL 60606<br>312-878-1298<br>creiter@reiterburns.com<br>kmorrison@reiterburns.com<br><br>**ATTORNEYS FOR**<br>Ava Thompson Greenwell |
| Peter C Skiko<br>Attorney at Law<br>Swanson Martin & Bell<br>330 N Wabash<br>Suite 3300<br>Chicago, IL 60611<br>312-321-9100<br>pskiko@smbtrials.com<br><br>**ATTORNEY FOR**<br>Ashanti Madlock-Henderson | Kevin J Moore<br>Attorney at Law<br>Law Office of Kevin J. Moore<br>4365 Lawn Avenue<br>Suite 7<br>Western Springs, IL 60558<br>708-246-1595<br>kevin@kjmoorelaw.com<br><br>**ATTORNEY FOR**<br>Bianca Valdez |