IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Felicia Hankins, Personal Representative of the Estate of Jordan Hankins,

Plaintiff,

v.

Alpha Kappa Alpha Sorority, Inc., Gamma Chi Chapter; Alpha Kappa Alpha Sorority, Inc., Delta Chi Omega Chapter; Alexandria Clemons; Cariana Chambers; and Bianca Valdez,

Defendants.

Case No. 19-147
Judge Edmond E. Chang
Magistrate Judge Heather McShain

**AMENDED MOTION FOR APPROVAL OF ALLOCATION OF PROCEEDS OF SETTLEMENT AND DISBURSEMENTS FILED AS CONFIDENTIAL**

Plaintiff Felicia Hankins is the Personal Representative of the Estate of Jordan Hankins, deceased, having been so appointed by the State of Indiana, County of Marion, pursuant to Letters of Administration dated February 24, 2017, a copy of which is at Exhibit A.

1. Plaintiff is the mother of Jordan Hankins, the decedent. The decedent was born in Raleigh, North Carolina on April 8, 1997. She was found dead in Evanston, Cook County, Illinois on January 9, 2017 at age 19. On the day of her death, Jordan Hankins' place of domicile was 10922 Teeter Circle, Indianapolis, Indiana 46236. Decedent is survived by her mother Felicia Hankins, her father Walter Hankins, and her adult brother Jared Hankins.

2. Plaintiff brought a lawsuit against defendants alleging they were liable for the wrongful death of decedent. Defendants disputed liability.

3. Plaintiff has settled the claims against the persons and entities who Plaintiff asserts are liable for the death of Jordan Hankins and seeks approval of the allocation of proceeds of settlement and disbursements. Defendants do not object to this motion.

4. This motion is properly heard by this Court.

5. The names, addresses, and relationships to Decedent Jordan Hankins of the decedent's surviving parents and siblings are as follows:

| Name | Age | Relationship | Address |
|---|---|---|---|
| Felicia Hankins | Legal Adult | Mother | 10922 Teeter Circle<br>Indianapolis, IN 46236 |
| Walter Hankins | Legal Adult | Father | 10922 Teeter Circle<br>Indianapolis, IN 46236 |
| Jared Hankins | Legal Adult | Brother | 10922 Teeter Circle<br>Indianapolis, IN 46236 |

No other next-of-kin have notified the Plaintiff in writing or otherwise of a claim for pecuniary loss.

6. End of life, funeral and burial expenses have been paid in full.

7. Plaintiff retained the law firms of Robins Kaplan LLP ("Robins Kaplan"), Means Gillis Law LLC ("Means Gillis") and Thomas E. Vaughn & Associates ("Thomas E. Vaughn"), to prosecute the claims of the next-of-kin. Plaintiff entered into a Retainer Agreement which in relevant part provides that the attorneys' fees would be [redacted] [redacted] of the amount recovered by way of suit or settlement, plus reimbursement of costs. Pursuant to the Retainer, Robins Kaplan is to receive [redacted] of the attorneys' fees, Means Gillis is to receive [redacted] of the attorneys' fees and Thomas E. Vaughn is to receive [redacted] of the attorneys' fees. Prior to the settlement of the wrongful death action of Jordan Hankins,

93983686.1

attorney Thomas E. Vaughn died. Therefore, the attorneys' fees for attorney Thomas E. Vaughn will be paid to his estate.

8. Due to the death of Tyrone Means, a partner at Means Gillis Law LLC, during the course of the at-issue case, the firm of Means Gillis Law LLC is in the process of being dissolved. The Estate of Tyrone Means and H. Lewis Gillis are in the process of reaching an agreement on how law firm assets will be distributed between the partners but a formal agreement has not be reached as of the time this Motion is filed.

9. On or about September 15, 2020, Plaintiff reached an agreement with defendant Raven Smith and her homeowner's insurer, Allstate Insurance, settling Plaintiff's claims against defendant Raven Smith and Allstate Insurance for . In December 2020 Defendant Raven Smith was dismissed with prejudice from the lawsuit.

10. On or about March 2021, Plaintiff reached an agreement with defendant Ashanti Madlock-Henderson settling Plaintiff's claims against defendant Ashanti Madlock-Henderson for . Shortly thereafter, Defendant Ashanti Madlock-Henderson was dismissed with prejudice from the lawsuit.

11. During the course of this litigation Plaintiff agreed to voluntarily dismiss claims against defendants Jalon Brown, Ava Thompson Greenwell, and Alexandria Anderson, with each party bearing its own costs and attorneys' fees.

12. On June 21, 2023, Plaintiff and her counsel from Robins Kaplan participated in a private mediation with defendants. This mediation was the third time during the course of this litigation that the parties gathered to try to resolve Plaintiff's claims. Said mediation was conducted by Judge Donald O'Connell (retired) of O'Connell Mediation

Services. The mediation resulted in the Plaintiff agreeing to settlement offer from defendants totaling [REDACTED].

13. The firms of Robins Kaplan, Means Gillis/Gillis Law and Thomas E. Vaughn performed a thorough investigation of the subject matter including, but not limited to, identified potential defendants and placed them on notice, developed liability facts and theories and the causal relationships between the theories of liability and Plaintiff's damages, retained necessary experts in the field of psychiatry and fraternity & sorority life, developed damages information, advised Plaintiff on wrongful death law and specifically Illinois law for wrongful death claims involving suicide, responded to written discovery requests from all defendants, prepared discovery requests for all defendants, took 27 depositions of witnesses and experts, participated in court hearings for discovery disputes, participated in court status conferences, prepared a memorandum in opposition to defendants' motions to dismiss and for summary judgment, prepared a substantive demand letter, took all necessary steps to finalize settlements with individual defendants throughout the course of the case, prepared for and attended a settlement conference with all parties and the court on March 24, 2022 which did not result in settlement, attended a lengthy private mediation on August 15, 2022 which did not result in settlement, prepared for and attended a second private mediation on June 21, 2023 which resulted in settlement, worked on releases and settlement documents, and took all necessary steps to finalize the settlement with the defendants following the June 21, 2023 mediation.

14. Plaintiff Felicia Hankins respectfully requests that the total settlement proceeds of [REDACTED] from defendant Raven Smith, [REDACTED] from defendant Ashanti Madlock-Henderson and the [REDACTED] settlement proceeds from the June 21, 2023 mediation, totaling [REDACTED], be allocated and disbursed as follows:

a. [REDACTED] to Robins Kaplan, as and for attorneys' fees;

b. [REDACTED] to Means Gillis/Gillis Law, as and for attorneys' fees, to be held in Robins Kaplan's Trust Account, pending the receipt of a written agreement from Mr. Gillis and the Estate of Tyrone Means as to how the fees should be disbursed;

c. [REDACTED] to the estate of deceased attorney Thomas E. Vaughn;

d. $114,573.39 to Robins Kaplan, as and for costs to be reimbursed as outlined in the Retainer Agreement[1];

e. $151.97 to Means Gillis/Gillis Law, as and for costs, to be held in Robins Kaplan's Trust Account, pending the receipt of a written agreement from Mr. Gillis and the Estate of Tyrone Means as to how the costs should be disbursed;

f. [REDACTED] to Felicia Hankins and Walter Hankins, parents of decedent Jordan Hankins; and

g. [REDACTED] to Jared Hankins, brother of decedent Jordan Hankins.

---

[1] Robins Kaplan LLP's actual costs are $115,108.35 as of July 19, 2023. As a courtesy to Plaintiff and next-of-kin of decedent, Robins Kaplan is writing off costs totaling $534.96.

15. Plaintiff has discussed the proposed allocation of proceeds of settlement and disbursements with the next-of-kin of Decedent Jordan Hankins and believes that said allocation of proceeds of settlement and disbursements proposed is fair and reasonable, in the best interests of all the next-of-kin, and respectfully requests that it be approved by the Court.

16. Consents signed by the next-of-kin of decedent Jordan Hankins to the proposed allocation of proceeds of settlement and disbursements are filed herewith at Exhibit B, consenting to approval of this proposed allocation of proceeds of settlement and disbursements without a hearing.

17. The Plaintiff waives a fee for serving as the Plaintiff and Personal Representative in this matter.

18. The Plaintiff requests approval of the proposed allocation of proceeds of settlement and disbursements without a hearing on the Motion.

**WHEREFORE**, Plaintiff prays for an order of this Court as follows:

1. Waiving a hearing on the Motion;
2. Approving the allocation of proceeds of settlement and disbursements as follows:
   a. [REDACTED] to Robins Kaplan, as and for attorneys' fees;
   b. [REDACTED] to Means Gillis/Gillis Law, as and for attorneys' fees, to be held in Robins Kaplan's Trust Account, pending the receipt of a written agreement from Mr. Gillis and the Estate of Tyrone Means as to how the fees should be disbursed;

    c. [REDACTED] to the estate of deceased attorney Thomas E. Vaughn;

d. $114,573.39 to Robins Kaplan, as and for costs[2];

e. $151.97 to Means Gillis/Gillis Law, as and for costs, to be held in Robins Kaplan's Trust Account, pending the receipt of a written agreement from Mr. Gillis and the Estate of Tyrone Means as to how the costs should be disbursed;

f. [REDACTED] to Felicia Hankins and Walter Hankins, parents of decedent Jordan Hankins; and

g. [REDACTED] to Jared Hankins, brother of decedent Jordan Hankins.

3. Authorizing Plaintiff to sign any documents necessary to effectuate the allocation of proceeds of settlement and disbursements.

4. Ordering that the file in this matter shall be confidential as to the terms of the settlement and allocation of proceeds of settlement and disbursements, with access only with the permission of the Court for good cause as shown or as required by law;

5. For such other relief as the Court deems just and equitable.

[2] Robins Kaplan LLP's actual costs are $115,108.35 as of July 19, 2023. As a courtesy to Plaintiff and next-of-kin of decedent, Robins Kaplan is writing off costs totaling $534.96.

Dated: 7/21/2023

Plaintiff:

Felicia Hankins

Felicia Hankins

*Remainder of page is intentionally blank*

ROBINS KAPLAN LLP

Dated: July 26, 2023

By: */s/ Brandon E. Vaughn*

Brandon E. Vaughn (#0389110)
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
612-349-8500
BVaughn@RobinsKaplan.com
ATTORNEYS FOR PLAINTIFF

*Remainder of page is intentionally blank*

**VERIFICATION**

STATE OF INDIANA )
) ss.
COUNTY OF MARION )

Felicia Hankins, being duly sworn and on oath, states and declares that she is the Plaintiff and Personal Representative of the Estate of Jordan Hankins, Decedent; that she has read the foregoing Motion for Approval of Allocation of Proceeds of Settlement and Disbursements and Waiver of Hearing, and knows the contents therefore; and that the same is true of her own knowledge, except as to those matters therein stated on information and belief, and to those matters she believes them to be true.

Felicia Hankins

Felicia Hankins

Subscribed and sworn to before me this 21st day of July, 2023.

Angela K Tarter

Notary Public

ANGELA K TARTER
NOTARY PUBLIC - SEAL
STATE OF INDIANA
COMMISSION NUMBER NP0720927
MY COMMISSION EXPIRES JUNE 22, 2027

*Remainder of page is intentionally blank*

# EXHIBIT A

STATE OF INDIANA ) MARION COUNTY PROBATE COURT NO. ___
)SS:
COUNTY OF MARION ) CAUSE NO. 49D08 1702 EU 007866

IN THE MATTER OF THE ESTATE OF )
)
JORDAN JANAE HANKINS, )
Deceased )

LETTERS OF ADMINISTRATION

Felicia H. Hankins has been appointed personal representative of the Estate of Jordan Janae Hankins, deceased, who died intestate on January 9, 2017, and is authorized to take possession of and collect the estate of the decedent and to do all acts required of a personal representative by law without court supervision.

WITNESS my hand and seal of the court this ________ day of ____________________, 2017. FEB 24 2017

Myla A. Eldridge

Clerk, Marion County Probate Court

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Felicia Hankins, Personal Representative of the Estate of Jordan Hankins,<br><br>Plaintiff,<br><br>v.<br><br>Alpha Kappa Alpha Sorority, Inc., Gamma Chi Chapter; Alpha Kappa Alpha Sorority, Inc., Delta Chi Omega Chapter; Alexandria Clemons; Cariana Chambers; and Bianca Valdez,<br><br>Defendants. | Case No. 19-147<br>Judge Edmond E. Chang<br>Magistrate Judge Heather McShain<br><br>**CONSENT TO MOTION FOR APPROVAL OF ALLOCATION OF PROCEEDS OF SETTLEMENT AND DISBURSEMENTS FILED AS CONFIDENTIAL** |

Felicia Hankins, being the surviving mother of Decedent, and the Plaintiff and Personal Representative of the Estate of Jordan Hankins, states to the Court as follows:

1. I consent to the allocation of proceeds of settlement and disbursements set out in the above and foregoing Motion.

2. I recognize that we have a right to a hearing and the opportunity to testify to the Court regarding the issues contained in this Motion and I hereby waive those rights.

Dated: 7/21/2023

[signature]
Felicia Hankins, Surviving Mother of Decedent, and the Personal Representative of the Estate of Jordan Hankins

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Felicia Hankins, Personal Representative of the Estate of Jordan Hankins,<br><br>Plaintiff,<br><br>v.<br><br>Alpha Kappa Alpha Sorority, Inc., Gamma Chi Chapter; Alpha Kappa Alpha Sorority, Inc., Delta Chi Omega Chapter; Alexandria Clemons; Cariana Chambers; and Bianca Valdez,<br><br>Defendants. | Case No. 19-147<br>Judge Edmond E. Chang<br>Magistrate Judge Heather McShain<br><br>**CONSENT TO MOTION FOR APPROVAL OF ALLOCATION OF PROCEEDS OF SETTLEMENT AND DISBURSEMENTS FILED AS CONFIDENTIAL** |

Walter Hankins, being the surviving father of Decedent, states to the Court as follows:

1. I consent to the allocation of proceeds of settlement and disbursements set out in the above and foregoing Motion.

2. I recognize that we have a right to a hearing and the opportunity to testify to the Court regarding the issues contained in this Motion and I hereby waive those rights.

Dated: 7/21/2023

Walter Hankins, Surviving Father of Decedent

93983686.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Felicia Hankins, Personal Representative of the Estate of Jordan Hankins,<br><br>Plaintiff,<br><br>v.<br><br>Alpha Kappa Alpha Sorority, Inc., Gamma Chi Chapter; Alpha Kappa Alpha Sorority, Inc., Delta Chi Omega Chapter; Alexandria Clemons; Cariana Chambers; and Bianca Valdez,<br><br>Defendants. | Case No. 19-147<br>Judge Edmond E. Chang<br>Magistrate Judge Heather McShain<br><br>**CONSENT TO MOTION FOR APPROVAL OF ALLOCATION OF PROCEEDS OF SETTLEMENT AND DISBURSEMENTS**<br>**FILED AS CONFIDENTIAL** |

Jared Hankins, being the surviving brother of Decedent, states to the Court as follows:

1. I consent to the allocation of proceeds of settlement and disbursements set out in the above and foregoing Motion.

2. I recognize that we have a right to a hearing and the opportunity to testify to the Court regarding the issues contained in this Motion and I hereby waive those rights.

Dated: 7/21/23

Jared Hankins, Surviving Brother of Decedent